HAWKINS v MICHIGAN PAROLE BOARD

1. PARDON AND PAROLE—REVOCATION HEARING—RIGHT TO COUNSEL.

A parolee who is subject at a hearing afforded by statute to determine if a parole violation has occurred to have his conditional freedom ended has the same need of counsel as at any other critical stage in the proceedings against him; hearsay, opinion, and fact all come before the board during the course of a revocation hearing and presence of counsel is most important in that it aids in limiting the hearing to relevant facts and in eliminating irrelevancies, insinuations, and unsubstantiated allegations (MCLA 791.240a).

2. PARDON AND PAROLE—REVOCATION HEARING—DUE PROCESS.

Minimal due process requirements in parole revocation hearings established by the United States Supreme Court are (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

3. PARDON AND PAROLE—REVOCATION HEARING—RIGHT TO COUNSEL—STATUTE—CONSTITUTIONAL LAW.

The right to counsel at parole revocation hearings is provided by statute in Michigan and this right cannot be limited to those who can afford to hire an attorney, but must be extended also to indigents; the Equal Protection Clause of the Fourteenth Amendment requires that an indigent parolee who contests parole revocation be afforded the same right to counsel that a parolee of means enjoys (US Const, Am XIV; MCLA 791.240a).

REFERENCE FOR POINTS IN HEADNOTES
[1-4] 59 Am Jur 2d, Pardon and Parole §§ 77, 79.

4. PARDON AND PAROLE—REVOCATION HEARING—RIGHT TO COUNSEL—INDIGENTS.

A parolee must be advised of his right to counsel before a revocation hearing takes place, if his parole is being revoked for any reason other than conviction of a felony or misdemeanor punishable by imprisonment; if the parolee alleges indigency and requests appointment of counsel, the circuit court in the county in which the prisoner is confined shall determine if defendant is indigent, and upon a finding of indigency, the court shall appoint counsel; the costs of counsel shall be ordered paid from the general operating budget of the Department of Corrections until such time as the Legislature shall otherwise provide.

Original action in the Court of Appeals. Submitted Division 2 October 6, 1972, at Detroit. (Docket No. 12736.) Decided March 26, 1973. Leave to appeal granted, 389 Mich 792.

Complaint for mandamus by Chester P. Hawkins against the Michigan Parole Board to compel his release from custody. Writ granted pending a *de novo* parole revocation hearing.

*Larry R. Farmer,* Assistant State Appellate Defender, for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Solicitor General, for defendant.

Before: LESINSKI, C. J., and FITZGERALD and J. H. GILLIS, JJ.

LESINSKI, C. J. Chester Hawkins was convicted in 1968 of indecent liberties, MCLA 750.336; MSA 28.568, and sentenced to three to ten years in prison. He was paroled on January 30, 1970. He was charged with parole violation on June 5, 1971. A hearing was held pursuant to MCLA 791.240a; MSA 28.2310(1), at which parole was revoked. He

now petitions this Court for a writ of mandamus to release him from custody.

Hawkins was charged with parole violation for allegedly moving from Holt to Eaton Rapids without the permission of his parole officer, and for violating a special condition of his parole for not refraining from "any association with minor females". At the parole revocation hearing Hawkins challenged these allegations. In defense he argued that his parole officer knew of and acquiesced in his move from Holt to Eaton Rapids. He further claimed that the officer knew he had briefly resided at his brother's house, where several minor females also lived. Hawkins stated that he had no close relationship with minor females at the Eaton Rapids address; although his employer's two stepdaughters lived in the same house, petitioner lived separately in a basement apartment.

Hawkins was not represented by an attorney at this hearing, allegedly because he was indigent. A review of the record reveals that the assertions made in defense by petitioner were not considered by the board.

The parties stipulate that the case be returned for *de novo* rehearing by the Parole Board. The Attorney General, representing the Parole Board, also agrees that counsel must be provided in this case.

On excellent briefs from both parties, two issues are raised:

1. Whether an indigent person has a right to counsel at public expense in proceedings to revoke his parole, and

2. What court or agency shall bear responsibility for providing counsel to represent an indigent parolee at his parole revocation hearing?

The relevant Michigan statute provides:

"Within 30 days after a paroled prisoner has been returned to a state penal institution under accusation of a violation of his parole, other than the conviction for a felony or misdemeanor punishable by imprisonment in any jail, a state or federal prison under the laws of this state, the United States or any other state or territory of the United States, he shall be entitled to a hearing on such charges before 2 members of the parole board. Hearings shall be conducted in accordance with rules and regulations adopted by the director, *and the accused prisoner shall be given an opportunity to appear personally or with counsel and answer to the charges placed against him.*" MCLA 791.240a, *supra.* (Emphasis supplied.)

The hearing afforded by the statute is primarily to determine if a parole violation has occurred. Where a parolee is subject to having his conditional freedom ended, he has the same need of counsel as at any other critical stage in the proceedings against him. Hearsay, opinion, and fact all come before the board during the course of a revocation hearing. Presence of counsel is most important in that it aids in limiting the hearing to relevant facts and in eliminating irrelevancies, insinuations, and unsubstantiated allegations.

A recent case, *Morrissey v Brewer,* 408 US 471, 489; 92 S Ct 2593, 2604; 33 L Ed 2d 484, 499 (1972), while refusing to find a due process right to counsel, established several minimal due process requirements in parole revocation hearings. The Court established minimal due process requirements as (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing

officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

We do not, however, rest our decision in this case on due process grounds. The Michigan Legislature has provided by statute for a right to counsel at parole revocation hearings. We hold today that this right cannot be limited to those who can afford to hire an attorney, but must be extended also to indigents. The Equal Protection Clause of the Fourteenth Amendment requires that an indigent parolee who contests parole revocation be afforded the same right to counsel that a parolee of means enjoys. *Warren v Parole Board,* 23 Mich App 754 (1970); *Griffin v Illinois,* 351 US 12; 76 S Ct 585; 100 L Ed 891 (1956); *Douglas v California,* 372 US 353; 83 S Ct 814; 9 L Ed 2d 811 (1963), *reh den* 373 US 905; 83 S Ct 1288; 10 L Ed 2d 200 (1963).

As to the second issue, we have examined alternatives laid before us with great care. Convenience, costs, and judicial interest in rapid and fair adjudication of the parolee's case have all influenced us in arriving at the solution.

We hold as follows: First, before the revocation hearing takes place, the parolee must be advised of his right to counsel, if his parole is being revoked for any reason other than conviction of a felony or misdemeanor punishable by imprisonment. *Shadbolt v Michigan Department of Corrections,* 386 Mich 232 (1971).

Second, if the parolee alleges indigency and requests appointment of counsel, the circuit court

in the county in which the prisoner is confined shall determine if defendant is indigent.

Third, upon a finding of indigency, the court shall appoint counsel.

Finally, costs of counsel shall be ordered paid from the general operating budget of the Department of Corrections until such time as the Legislature shall otherwise provide.

In this cause it is ordered that a hearing be held in the Jackson County Circuit Court to determine whether petitioner is indigent. Counsel is to be appointed if the petitioner is found to be indigent. Costs of appointed counsel are to be borne by the Department of Corrections. A *de novo* parole revocation hearing is to be held.

A proper parole revocation hearing not having been had within 30 days as required, mandamus compelling the Department of Corrections to release petitioner from custody pending the *de novo* parole revocation hearing is granted.

This Court retains no further jurisdiction.

All concurred.