HAWKINS v MICHIGAN PAROLE BOARD

1. PARDON AND PAROLE—STATUTES—PAROLE REVOCATION HEARING—
   RIGHT TO COUNSEL.

   A parolee is afforded a statutory hearing to determine if a parole
   violation has occurred and, where he is subject to having his
   conditional freedom ended, he has the same need of counsel as
   at any other critical stage in the proceedings against him;
   hearsay, opinion, and fact all come before the Parole Board
   during the course of a revocation hearing and presence of
   counsel is most important in that it aids in limiting the hearing
   to relevant facts and in eliminating irrelevancies, insinuations,
   and unsubstantiated allegations (MCLA 791.240a).

2. PARDON AND PAROLE—PAROLE REVOCATION HEARING—RIGHT TO
   COUNSEL—INDIGENTS—STATUTES—EQUAL PROTECTION—CONSTI-
   TUTIONAL LAW.

   The right to counsel at parole revocation hearings is provided by
   statute in Michigan and this right cannot be limited to those
   who can afford to hire an attorney, but must be extended also
   to indigents; the Equal Protection Clause of the Fourteenth
   Amendment requires that an indigent parolee who contests
   parole revocation be afforded the same right to counsel that a
   parolee of means enjoys (US Const, Am XIV; MCLA 791.240a).

3. PARDON AND PAROLE—PAROLE REVOCATION HEARING—RIGHT TO
   COUNSEL—FELONIES—MISDEMEANORS—INDIGENTS—APPOINT-
   MENT OF COUNSEL—CIRCUIT COURTS—COMPENSATION OF COUN-
   SEL—DEPARTMENT OF CORRECTIONS.

   A parolee must be advised of his right to counsel before a parole
   revocation hearing takes place, if his parole is being revoked
   for any reason other than conviction of a felony or misde-
   meanor punishable by imprisonment; if the parolee alleges
   indigency and requests appointment of counsel, the circuit
   court in the county in which the prisoner is confined shall
   determine if defendant is indigent, and upon a finding of
   indigency, the court shall appoint counsel; costs of counsel shall

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 59 Am Jur, Pardon and Parole §§ 90–102.

be ordered paid from the general operating budget of the Department of Corrections until such time as the Legislature shall otherwise provide.

4. Mandamus—Pardon and Parole—Parole Revocation Hearing —Parolee's Release—Statutes.

Mandamus compelling the Department of Corrections to release petitioner from custody pending a *de novo* parole revocation hearing is granted where a proper parole revocation hearing was not held within 30 days as required by statute (MCLA 791.240a).

Appeal from Court of Appeals, Division 2, Lesinski, C. J., and Fitzgerald and J. H. Gillis, JJ., granting a writ of mandamus against the Michigan Parole Board. Submitted June 7, 1973. (No. 12 June Term 1973, Docket No. 54,794.) Decided December 18, 1973.

45 Mich App 529 affirmed.

Original action in the Court of Appeals by Chester P. Hawkins against the Michigan Parole Board, for a writ of mandamus to compel his release from custody. Writ granted pending a *de novo* parole revocation hearing. Defendant appeals. Affirmed.

*State Appellate Defender Office* (by *Larry R. Farmer)*, for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas A. Carlson,* Assistant Solicitor General, for defendant.

Amicus Curiae: *Marilyn L. Kelley,* for Juvenile Defender Office.

Per Curiam. We adopt the opinion of the Court of Appeals and affirm.

T. M. Kavanagh, C. J., and T. E. Brennan, T. G. Kavanagh, Swainson, Williams, Levin, and M. S. Coleman, JJ., concurred.