CALLISON v DEPARTMENT OF CORRECTIONS, PAROLE BOARD

1. PARDON AND PAROLE—REVOCATION HEARING—CONSTITUTIONAL
   LAW—RIGHT TO COUNSEL.
   A parolee must be advised of his right to counsel before a parole-
   revocation hearing takes place unless his parole is being re-
   voked for conviction of a felony or a misdemeanor punishable
   by imprisonment.

2. PARDON AND PAROLE—REVOCATION HEARING—CONSTITUTIONAL
   LAW—RIGHT TO COUNSEL—FAILURE TO ADVISE.
   An alleged parole violator is entitled to be properly advised as to
   his right to an attorney and the parole board's failure to do so
   denies him the proper hearing to which he is entitled; an
   advice that "you may have one of the three kinds of hearings, a
   public hearing with counsel, also have a hearing with witnesses
   without counsel or you may have a public hearing before us"
   was not sufficient to properly advise of the right to counsel.

3. PARDON AND PAROLE—REVOCATION HEARING—PRELIMINARY HEAR-
   ING—FORMALITY OF HEARING—APPEAL AND ERROR.
   No purpose would be served by requiring the parole authorities to
   conduct a preliminary hearing to determine whether reasona-
   ble grounds exist for revocation of parole, as required by case
   precedent, where the Court of Appeals' examination of the
   record convinces it that reasonable grounds to believe that the
   alleged parole violator has committed acts which constitute a
   violation of the terms of his parole do exist and that the cause
   should proceed to a formal hearing wherein all relevant factors
   should be considered in determining whether the parole should
   be revoked.

4. MANDAMUS—PARDON AND PAROLE—REVOCATION HEARING—PROPER
   HEARING—RELEASE FROM CUSTODY.
   Mandamus compelling the Department of Corrections to release

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 59 Am Jur 2d, Pardon and Parole §§ 77, 92, 97.
   Right to notice and hearing before revocation of suspension of
   sentence, parole, conditional pardon, or probation. 29 ALR2d
   1074.

an alleged parole violator from custody until a proper revocation hearing is held should be granted where a proper revocation hearing was not held as required by statute (MCLA 791.240a).

Original action in the Court of Appeals. Submitted Division 2 June 11, 1974, at Lansing. (Docket No. 18492.) Decided October 22, 1974.

Complaint for mandamus by James Callison against the Department of Corrections, Parole Board, to compel his release from custody. Writ granted.

*Kenneth A. Birch,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jann C. Ryan,* Assistant Attorney General, for defendant.

Before: QUINN, P. J., and V. J. BRENNAN and CARLAND,* JJ.

V. J. BRENNAN, J. In 1970 petitioner, James Callison, was convicted in Eaton County Circuit Court of breaking and entering and sentenced to from 2 to 10 years in prison. He was later paroled from the prison facility at Jackson, Michigan and was, under the Interstate Compact for the Supervision of Parolees and Probationers, MCLA 798.101; MSA 28.1361, permitted to leave the state and reside in Kentucky. On July 24, 1973, Callison was arrested in Leitchfield, Kentucky and charged with driving under the influence of intoxicants. He was found guilty by a judge and fined. On August 13, 1973, the Michigan Department of Corrections received a parole-violation report from Kentucky

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

requesting that petitioner be returned to Michigan as a parole violator because he had been convicted of driving under the influence of alcohol and had falsified reports to his parole agents. He was returned to Jackson Prison on August 24, 1973. On September 6, 1973, Callison was given a copy of the parole-violation charges and a parole-revocation hearing was held on September 18, 1973. At the conclusion of this hearing Callison was informed that he had been found in violation of his parole on both counts. His parole was, therefore, revoked.

Callison subsequently contacted an attorney and a petition for a writ of mandamus and a motion for immediate consideration was filed in this Court. On December 11, 1973, this Court granted the motion for immediate consideration and granted a motion for an order to show cause why the writ of mandamus should not be granted. On January 30, 1974, this Court ordered petitioner released on $1,000 bond pending the determination of this cause.

Petitioner presents several assignments of error in support of his claim that mandamus should issue. We base our decision on only one ground.

Callison contends that mandamus should issue because he was not properly informed of his right to counsel. We agree. In *Hawkins v Michigan Parole Board*, 45 Mich App 529; 206 NW2d 764 (1973), this Court, basing its decision on the Equal Protection Clause of the Fourteenth Amendment, held "that an indigent parolee who contests parole revocation be afforded the same right to counsel that a parolee of means enjoys". *Hawkins, supra* at 533; 206 NW2d at 767. This Court further held that prior to a revocation hearing a parolee "must be advised of his right to counsel, if his parole is

being revoked for any reason other than conviction of a felony or misdemeanor punishable by imprisonment". *Hawkins, supra* at 533; 206 NW2d at 767. *Hawkins* was subsequently affirmed and the opinion of the Court of Appeals adopted by our Supreme Court in *Hawkins v Michigan Parole Board,* 390 Mich 569; 213 NW2d 193 (1973).

In the case at bar, Callison was never advised of his right to counsel in the manner required by *Hawkins, supra.* That he was entitled to be so advised is manifest from the record. *Hawkins* requires that a parolee be advised of his right to counsel before a revocation hearing takes place unless his parole is being revoked for conviction of *a felony* or *a misdemeanor punishable by imprisonment.* Callison was not convicted of an offense which would fall within either of these categories. The offense for which he was convicted in Kentucky was punishable by fine only. He was, therefore, entitled to be properly advised as to his right to counsel. This was not done. When he appeared before the board, Callison was advised of his right to counsel in the following terms:

*"Mr. Thurston (Parole Board Member):* You are an alleged parole violator—counselor's request which, you may have one of the three kinds of hearings, a public hearing with counsel, also have a hearing with witnesses without counsel or you may have a public hearing before us here today. Which do you want?"

This is clearly not sufficient to apprise a parolee of his right to appointed counsel if he cannot afford one.

Despite the fact that Callison was convicted of another offense while on parole, our examination of the record indicates that an attorney would certainly have been of benefit to him. Throughout

the proceeding Callison maintained that he had done nothing which would justify revocation of his parole. He admitted that he had been convicted of the offense in Kentucky and that certain statements he made to his parole officer were false but sought to explain what happened in each of these instances and attempted to argue that any determination made by the board should take into consideration his record while on parole for the prior 18 months. Furthermore, it appears that the parole board, in reaching its decision, considered certain materials contained in Callison's file which he had no opportunity to examine before the hearing and which he sought to challenge at the hearing for their accuracy. In each of these circumstances an attorney could have assisted Callison in the presentation of the arguments he sought to assert and in assuring that the evidence used at the revocation hearing was properly disclosed and subjected to a close scrutiny with respect to both its accuracy and its reliability.

Callison was entitled to be properly advised as to his right to an attorney and the parole board's failure to do so denied him the proper hearing to which he was entitled.

We also note that at no time was petitioner given a preliminary hearing to determine whether reasonable grounds existed for revocation of parole as required by *Morrissey v Brewer,* 408 US 471; 92 S Ct 2593, 33 L Ed 2d 484 (1972). While we are not unmindful of the fact that petitioner's presence in a remote state does not relieve the parole authorities of the responsibility of conducting such a hearing, *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), we do not consider the facts of this particular case such as would require a preliminary hearing before the parole authori-

ties can again proceed against petitioner. Petitioner, convicted of another offense, has failed to demonstrate how he has been in any way prejudiced by the parole authorities' failure to hold such a hearing. We do not intend to make any hard and fast rule in this area nor do we intend to give the parole authorities a license to ignore the requirements laid down by the United States Supreme Court. We are only deciding that under the particular factual circumstances here presented no purpose would be served by requiring the parole authorities to conduct such a hearing. Our examination of the record convinces us that reasonable grounds to believe that Callison has committed acts which would constitute a violation of the terms of his parole do exist and that the cause should proceed to a formal hearing wherein all the relevant factors should be considered in determining whether petitioner's parole should, in fact, be revoked.

Since Callison was not sufficiently advised of his right to counsel we hold that before his parole can be revoked he is entitled to a new revocation hearing conducted in conformance with the requirements of due process laid down in *Morrissey v Brewer, supra.* If, before any new hearing, Callison alleges indigency and requests appointment of counsel a hearing shall be held in the Jackson County Circuit Court to determine whether he is indigent. If, after such hearing, it is determined that Callison is indigent, counsel shall be appointed to represent him at the new revocation hearing. The costs of appointed counsel are to be borne by the Department of Corrections.

Since a proper revocation hearing was not held within 30 days as required by MCLA 791.240a; MSA 28.2310(1), mandamus compelling the De-

partment of Corrections to release Callison from custody until a proper revocation hearing is held is hereby granted.

This Court retains no further jurisdiction.

All concurred.