PEOPLE v WHITE

Appeal and Error—Courts—Jurisdiction—Parole Board—Appeal
as of Right—Mandamus—Court Rules

The Court of Appeals does not have statutory jurisdiction to
consider an appeal as of right from a decision of the Michigan
Parole Board; the procedurally preferable method for seeking
review of such a decision is to file a complaint for mandamus
under the provisions of court rules (GCR 1963, 816.2).

Appeal from Department of Corrections, Parole
Board. Submitted Division 1 December 31, 1974, at
Lansing. (Docket No. 21794.) Decided January 29,
1975.

George W. White was found by the Parole Board
to be in violation of his parole, and parole was
revoked. Defendant appeals. Appeal dismissed for
lack of jurisdiction.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Terrence P.
Grady,* Assistant Solicitor General, for the people.

*Robert J. Singer,* for defendant.

Before: Danhof, P. J., and Quinn and J. H. Gil-
lis, JJ.

Per Curiam. Defendant was convicted on March
21, 1969 of kidnapping, MCLA 750.349; MSA
28.581. He was also convicted after a separate trial
of rape, MCLA 750.520; MSA 28.788 and felonious

Reference for Points in Headnote
59 Am Jur 2d, Pardon and Parole § 34 et seq.

assault, MCLA 750.82; MSA 28.277, which convictions were subsequently reversed. *People v White,* 41 Mich App 370; 200 NW2d 326 (1972), *aff'd,* 390 Mich 245; 212 NW2d 222 (1973). The kidnapping conviction, for which defendant was sentenced to a term of from 5 to 15 years in prison, was not appealed.

Defendant was paroled from prison on December 14, 1973. He was taken into custody for violating his parole on March 11, 1974, following a complaint by his wife that he assaulted her with a knife. On March 19, 1974, defendant pled guilty to a charge of aggravated assault, MCLA 750.81a; MSA 28.276(1), and was sentenced to 90 days in jail. A hearing was held before the Michigan Parole Board on April 8, 1974. It was determined that defendant was in violation of his parole, and his parole was revoked. From this decision of the Michigan Parole Board, defendant filed a claim of appeal as of right.

Due to the procedurally improper method used by the defendant to prosecute his appeal, we are unable to decide this case on its merits. Jurisdiction for appeals as of right to this Court is conferred by statute, MCLA 600.308; MSA 27A.308. The statute includes no provision for appeals as of right from the Michigan Parole Board. Thus, this Court is without statutory jurisdiction to consider this appeal. The procedurally preferable method for seeking review by this Court of a decision of the Michigan Parole Board is to file a complaint for a writ of mandamus under the provisions of GCR 1963, 816.2. See for example, *Callison v Department of Corrections,* 56 Mich App 260; 223 NW2d 738 (1974).

This Court being without jurisdiction, the appeal is dismissed without prejudice to proceed properly.