### SMITH v MICHIGAN PAROLE BOARD

#### OPINION OF THE COURT

1. PARDON AND PAROLE—REVOCATION OF PAROLE—APPEAL AND ER-
   ROR.

   A defendant's parole revocation should be affirmed where there
   has been no injustice shown.

2. PARDON AND PAROLE—REVOCATION OF PAROLE—REVOCATION HEAR-
   ING—CONFINEMENT—ARREST—STATUTES.

   A paroled prisoner who has been returned to a state penal
   institution under an accusation of a violation of his parole is to
   be granted a parole revocation hearing within 30 days; the
   running of the 30-day period begins with the date that confine-
   ment begins under the parole violation warrant, not the date of
   the arrest (MCLA 791.240a; MSA 28.2310[1]).

3. PARDON AND PAROLE—REVOCATION OF PAROLE—CRIMINAL LAW—
   CONDITIONS OF PAROLE—PROHIBITED CONDUCT.

   A paroled prisoner who has been charged with parole violation
   for having guns and narcotics in his possession may be found in
   violation of his parole even though the prosecutor does not
   proceed against him on any weapons charge or any drug charge
   where the conditions in the parole agreement concerning weap-
   ons and drugs prohibit conduct broader than that covered by
   Michigan criminal law; a criminal conviction is not a prerequi-
   site to revocation of parole for violations of such conditions of
   parole.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 59 Am Jur 2d, Pardon and Parole § 90 *et seq.*
[2, 6] 59 Am Jur 2d, Pardon and Parole §§ 92, 93.
    Right to notice and hearing before revocation of suspension of
    sentence, parole, conditional pardon, or probation. 29 ALR2d
    1074.
[4] 59 Am Jur 2d, Pardon and Parole § 97.
[5] 59 Am Jur 2d, Pardon and Parole § 95.
[7] 59 Am Jur 2d, Pardon and Parole §§ 95, 97.

Dissent by Bronson, J.

4. Pardon and Parole—Revocation of Parole—Hearing—Right
   to Counsel—Statutes.

   *A paroled prisoner accused with violating the conditions of his
   parole has a right to be represented by counsel at the final
   parole revocation hearing (MCLA 791.240a; MSA 28.2310[1]).*

5. Pardon and Parole—Revocation of Parole—Due Process—
   Hearing—Presentation of Evidence.

   *A paroled prisoner accused with parole violations has a due
   process right to present witnesses and evidence in his behalf at
   the parole revocation hearing.*

6. Pardon and Parole—Revocation of Parole—Hearing—Notice
   of Violations.

   *A paroled prisoner accused of violating the conditions of his
   parole is entitled to written notice of the claimed violations of
   parole, and such notice to the parolee must be timely and must
   be given sufficiently in advance of the hearing to afford a
   reasonable opportunity to prepare.*

7. Pardon and Parole—Right to Counsel—Revocation of Parole
   —Hearing—Waiver—Silent Record.

   *A waiver by an alleged parole violator of his right to counsel or
   to present witnesses in his own behalf at his parole revocation
   hearing should not be presumed from a silent record; there
   should be either a record of that portion of the hearing where
   the parolee allegedly waived his right to counsel, or a signed
   waiver form obtained from the alleged parole violator who is
   proceeding without counsel at his hearing.*

Original action in the Court of Appeals. Submitted March 7, 1977, at Lansing. (Docket No. 26755.) Decided October 10, 1977.

Complaint by Eugene Smith against the Michigan Parole Board for an order of the Court of Appeals that the plaintiff be released from custody. Mandamus denied.

Eugene Smith, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, and *Thomas L. Casey,* Assistant Attorney General, for defendant.

Before: QUINN, P. J., and BRONSON and M. J. KELLY, JJ.

M. J. KELLY, J. Plaintiff, Eugene Smith, proceeding *pro se,* filed a complaint for mandamus asking this Court to order defendant, Michigan Parole Board, to release him from custody. Plaintiff alleged various improprieties in the procedures followed by defendant when it revoked plaintiff's parole in 1975.[1]

Plaintiff was convicted of manslaughter in Detroit's Recorder's Court and was sentenced on December 18, 1972, to a prison term of from 3 to 15 years. He was paroled on August 20, 1974.

On February 19, 1975, plaintiff was arrested by police officers acting on a lawful search warrant[2] and found in possession of a loaded revolver, a rifle and heroin. These were apparent violations of his parole. On April 28, 1975, plaintiff received written notice of the three parole violation charges and he requested, in writing, a preliminary hearing. The preliminary hearing was held on May 6, 1975, in Detroit. Plaintiff was represented by retained counsel and probable cause was found for each of the three counts. A parole violation warrant was issued on May 12, 1975, and plaintiff was returned to the State Prison of Southern Michigan at Jackson. On May 13, 1975, plaintiff appeared before the parole board and was informed of his rights to a hearing on the charges, to be repre-

---

[1] Leave to appeal was granted on February 9, 1976, with Judge HOLBROOK dissenting.

[2] No attack is made on the search warrant. Plaintiff says the parole board is, in effect, usurping the jurisdiction of recorder's court because the heroin charges were dismissed in that court.

sented by an attorney, and to present witnesses on his behalf. Plaintiff requested a hearing and indicated that he would retain counsel and present witnesses. However, at the final revocation hearing held on May 20, 1975, plaintiff was not represented by counsel and did not present any witnesses. After the hearing, plaintiff's parole was revoked.

The dispute in this action involves the reason plaintiff appeared at the revocation hearing without counsel and without witnesses. Plaintiff asserts that he did not receive written notice of the date and time of the revocation hearing until late in the evening of May 19, the night before the hearing. Plaintiff asserts that he called his family after receiving notice on May 19, but that, due to the late notice to them and to the attorney, they did not arrive at Jackson until after the hearing had been completed.

We are asked to find that plaintiff was rushed into the May 20th final hearing without counsel. It is just as logical to infer that defendant surmised the final hearing would conclude adversely and that his representation *pro se* was a reasoned choice. Any number of reasons could be posited, but the dissent errs in finding that the record is silent as to a recitation of defendant's rights. His own brief which is filed *pro se* over his signature states:

"Appellant Smith was returned to the Michigan State Prison at Jackson and he appeared before the Michigan Parole Board on May 13, 1975 and was fully informed of his rights to a hearing."

The same signature, or what to this author looks like the same signature, is also inscribed under a

hand printed witness statement entitled "Remarks".

"I had just laid down for 1/2 hour or so & then the door came down. I knew the guns & dope was *[sic]* there, but they aren't mine, I don't use."

The conditions of parole which defendant signed on August 20, 1974, when he was paroled after serving 20 months of a 3 to 15 year sentence for manslaughter are:

"5. WEAPONS: You cannot own, purchase, possess, use, sell or have under your control any deadly object, weapon, firearm, or imitation thereof, or be in the company of any person possessing the same.

* * *

"9. DRUGS: You must not be involved with or use narcotics or any controlled substances or be with persons who are so involved."

The hearing examiner who conducted the preliminary hearing found evidence that when arrested, the plaintiff was lying on a bed, the only occupant of a bedroom in which the narcotics and revolver were found under the pillow of the bed. In the same room a rifle was standing against a dresser. Not exactly an innocent boudoir scene.

Further, part of the record in the present case consists of an affidavit of a parole agent who was employed at the State Prison of Southern Michigan at Jackson in May, 1975. The affidavit, which was prepared on January 14, 1976, asserts that the affiant orally informed plaintiff of the scheduled hearing "on or about May 16, 1975" and was informed by plaintiff that in the event he did not obtain counsel for the hearing, he would prefer to act on his own behalf at the hearing.

There is no reason presented by plaintiff why the affidavit of the parole agent should be disbelieved when the record clearly shows that plaintiff, after being advised of his right to counsel, retained or appointed, expressed his desire to continue with his retained counsel and named him. The affidavit seems to us to be completely plausible in view of the fact that the hearing could not be adjourned past 30 days from the date of arrest which was April 22, 1975.    ˙ ᵛ

We have no argument with the dissent's analogizing probation revocation law to this parole revocation hearing, but we suggest the factual setting of this case is not the vehicle for imposing on parole violation hearings a requirement that waiver of counsel be in writing in order to be effective.

We affirm because we find no injustice, manifest or otherwise. The blizzard of documents which trails a criminal accused from pre-arrest to post-conviction is already as deep as an ocean and as wide as a church door, all under the guise of due process, an inexhaustible reservoir for judicial innovation.

Finally, how this controversy reaches our Court by writ of mandamus[3] is suspect. There is squandering here of administrative and judicial resources. Plaintiff did not seek leave to appeal (GCR 1963, 806.3) within 60 days of the parole violation hearing decision of May 20, 1975. So far as we are concerned, his complaint for mandamus is a collateral attack upon that proceeding. The review of

---

[3] Were this an action to compel a hearing the extraordinary writ would be proper. A clear legal duty for a clear legal right. This is a contest on the merits—plaintiff says "I wasn't advised", defendant says "you were advised and you waived". *Hawkins v Michigan Parole Board,* 45 Mich App 529; 206 NW2d 764 (1973), establishes the *right* to counsel for indigents. That is not the issue here.

due process rights following criminal convictions should have a beginning and an end unless somewhere along the line there has been manifest injustice. Such is not the claim here; rather reversal is opted for by the dissent on what is known to the layman as a legal technicality.

Plaintiff raises two other issues. Plaintiff asserts that the parole board lost jurisdiction to proceed on the alleged parole violations by failing to hold the parole revocation hearing within 30 days of his arrest by the Detroit Police on February 19, 1975. Plaintiff relies upon MCLA 791.240a; MSA 28.2310(1), which requires that the hearing be held within the following time period:

"Within 30 days after a paroled prisoner has been returned to a state penal institution under accusation of a violation of his parole."

This issue is without merit. The 30-day period did not begin to run until plaintiff's confinement under the parole violation warrant, no earlier than April 22, 1975. *Feazel v Department of Corrections,* 31 Mich App 425; 188 NW2d 59 (1971). The parole violation warrant was served within a reasonable time and, since plaintiff was free on bond following his February 19, 1975, arrest and criminal charge, what delay there was resulted in no prejudice to him. See *Ward v Parole Board, Department of Corrections,* 35 Mich App 456, 461–462; 192 NW2d 537 (1971).

Plaintiff finally asserts that he could not be charged with parole violation for possessing the weapons and the drugs because the prosecutor had not proceeded against him on any weapons charges and the drug charge had been dismissed in court prior to trial. In other words he was not

guilty because he was not tried and convicted. We find no merit in this argument.

With respect to the weapons in the bedroom, no criminal charges were brought against plaintiff. With respect to the drugs, the criminal charge was dismissed prior to trial. Consequently, we see no basis for any theory of collateral estoppel preventing the parole board from litigating the circumstances of these charges. *Cf. Standlee v Smith,* 83 Wash 2d 405; 518 P2d 721 (1974). Had defendant been tried and found not guilty he would have a better argument. We do not have that issue here but we think it of doubtful validity.

Moreover, it is plain from a reading of the parole conditions concerning weapons and drugs that conduct broader than that covered by Michigan's criminal law is prohibited by the parole agreement. Obviously a criminal conviction could not be a prerequisite to revocation of parole for violations of such conditions of parole.

The order revoking plaintiff's parole is affirmed.

Quinn, P. J., concurred.

Bronson, J. *(dissenting).* The majority opinion sets forth the facts of this case. I dissent from the holding that plaintiff waived his right to counsel at the parole revocation hearing and voluntarily elected instead to represent himself.

Several underlying points of law are clear. Plaintiff had a right to be represented by counsel at the final parole revocation hearing. This right is guaranteed by statute, MCLA 791.240a; MSA 28.2310(1), by Michigan appellate decisions, *Hawkins v Michigan Parole Board,* 45 Mich App 529; 206 NW2d 764 (1973), *aff'd and opinion adopted,* 390 Mich 569; 213 NW2d 193 (1973), by rules adopted by the Director of the Department of

Corrections pursuant to statutory authority, Michigan Administrative Code, 1970–1971 AACS, R 791.333, and by a policy directive of the director dated July 3, 1974, No. PD-DWA-76.01. Moreover, given the circumstances of the alleged violations and plaintiff's timely and colorable claim that he did not violate the conditions of his parole agreement, his right to counsel at the hearing was undoubtedly guaranteed by constitutional guarantees of due process. *Gagnon v Scarpelli,* 411 US 778, 790; 93 S Ct 1756; 36 L Ed 2d 656 (1973).

Plaintiff had a due process right to present witnesses and evidence in his behalf at the hearing. *Morrissey v Brewer,* 408 US 471, 489; 92 S Ct 2593; 33 L Ed 2d 484 (1972), *Hawkins, supra,* at 532. Again, this right has been implemented by administrative rules[1] and by the policy directive previously cited.

Finally, plaintiff was entitled to written notice of the claimed violations of parole. *Morrissey v Brewer, supra.* By administrative rule of the Department of Corrections, the notice was required to be timely.[2] Indeed, the due process right to notice would be meaningless unless given sufficiently in advance of the hearing to afford a reasonable opportunity to prepare. *In re Gault,* 387 US 1, 33; 87 S Ct 1428; 18 L Ed 2d 527 (1967), *People v Gulley,* 66 Mich App 112; 238 NW2d 421 (1975), *People v Bell,* 67 Mich App 351; 241 NW2d 203 (1976).

The foregoing legal discussion is not really in dispute. The underpinnings of the rights involved

---

[1] Rule 32(4) of the department, 1970–1971 AACS, R 791.332(4), adopts the provisions governing contested hearings in the Administrative Procedures Act of 1969, MCLA 24.201 *et seq.;* MSA 3.560(101) *et seq.* Section 72 of that act, MCLA 24.272; MSA 3.560(172), guarantees a party the right to present evidence.

[2] 1970–1971 AACS, R 791.332(1).

have been presented as a partial explanation of
the rule which I would adopt to resolve this case,
which is that a waiver by an alleged parole viola-
tor of his right to counsel or to present witnesses
in his behalf at his parole revocation hearing
should not be presumed from a silent record.

This is not an unfamiliar principle of appellate
review in other contexts and I surmise that the
only reason I find no Michigan appellate opinion
so holding is that the issue has not previously
arisen in the relatively few cases reviewing revoca-
tion of parole. The rule has been followed by
Michigan courts in all analogous situations. Thus,
it has been held that this Court will "indulge
every reasonable presumption against waiver" of
right to counsel at probation revocation hearings.
*People v Kitley,* 59 Mich App 71, 75; 228 NW2d
834 (1975). Express waiver on the record of a
probationer's right to confront and cross-examine
adverse witnesses, a right guaranteed by *Gagnon v
Scarpelli, supra,* was required by this Court in
*People v Smith,* 66 Mich App 639; 239 NW2d 431
(1976). A knowing and intelligent waiver by a
probationer of his right to contest charges of pro-
bation violation at a hearing will not be presumed
from a silent record. *People v Michael Brown,* 72
Mich App 7; 248 NW2d 695 (1976), *People v Har-
din,* 70 Mich App 204; 245 NW2d 566 (1976),
compare *People v Rial,* 399 Mich 431; 249 NW2d
114 (1976).

In the Federal system, it has been expressly held
that waiver of due process rights guaranteed to
alleged parole violators by *Gagnon v Scarpelli* will
not be presumed from a silent record. *Preston v
Piggman,* 496 F2d 270, 274 (CA 6, 1974).

I confess that I am somewhat puzzled by defend-
ant's inability to show us an express record waiver

by plaintiff of these rights, if in fact waiver there was.[3] I note that the rules adopted by the Department of Corrections to govern parole violation hearings require recording of contested hearings.[4] Though transcription is required only upon request of a party, defendant, upon being ordered by this Court to show cause why the relief requested in plaintiff's complaint should not be granted, should have been able to order transcription of the portions of the hearing where plaintiff allegedly waived his right to counsel and to present witnesses. Alternatively, it would not seem too onerous a burden upon defendant to require that a signed waiver form be obtained from an alleged parole violator proceeding without counsel at his hearing. I would not write procedural rules for the parole board, but would require express record waiver of rights of the magnitude of the ones allegedly denied in the instant case. Since I can find no such waiver on this record, I would reverse the order revoking plaintiff's parole.

[3] The majority infers waiver by plaintiff from an affidavit of a parole agent who was employed at the State Prison of Southern Michigan at Jackson in May, 1975. The affidavit was prepared on January 14, 1976, eight months after the fact, and asserts that the affiant orally informed plaintiff of the scheduled hearing "on or about May 16, 1975" and was informed by plaintiff that in the event he did not obtain counsel for the hearing, he would prefer to act on his own behalf at the hearing.

One need not cast aspersions on the credibility of the affidavit, given the time it was prepared, nor quibble over how close to the May 20, 1975, hearing "on or about May 16" may have been, to find this affidavit insufficient. At best it provides evidence of plaintiff's intention several days before the hearing. It provides no evidence on whether he acted in accordance with these expressed intentions and actually decided to waive counsel at the hearing.

[4] MCLA 24.286(2); MSA 3.560(186)(2), as adopted by the Department of Corrections in 1970–1971 AACS, R 791.332(4).