FEAZEL v. DEPARTMENT OF CORRECTIONS

1. PARDON AND PAROLE—PAROLE VIOLATION HEARING—30-DAY RULE —RETURN TO PENAL INSTITUTION—STATUTES.

   A parolee is deemed returned to a state penal institution for the purpose of the 30-day rule governing parole violation hearings when the parole violation warrant is issued, the parolee arrested, and the parolee incarcerated under the parole violation warrant in any penal institution, whether local, county, or state (MCLA § 791.240a).

2. PARDON AND PAROLE—PAROLE VIOLATION HEARING—30-DAY RULE —PAROLE VIOLATION WARRANT.

   A parole violation hearing must be held within 30 days of the parolee's arrest and incarceration under a parole violation war-

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 39 Am Jur, Pardon, Reprieve and Amnesty §§ 79, 95.

rant; a parolee's arrest, if the arrest was not under a parole violation warrant, does not begin the running of the 30-day period (MCLA § 791.240a).

3. PARDON AND PAROLE—PAROLE VIOLATION HEARING—PROCEDURE—
RIGHT TO PRODUCE EVIDENCE.

A parolee accused of a parole violation has the right to a hearing at which he may produce witnesses and proofs and meet the witnesses who are produced against him, because a hearing which does not allow the parolee these rights is not a hearing at all (MCLA § 791.240a).

Original action for mandamus in the Court of Appeals. Submitted Division 2 October 7, 1970, at Lansing. (Docket No. 8062.) Decided March 22, 1971.

Complaint by Ronald Feazel against the Department of Corrections for a writ of mandamus to compel defendant to hold a formal parole violation hearing. Writ granted.

Ronald Feazel, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Attorney General, for defendant.

Before: LEVIN, P. J., and T. M. BURNS and J. E. HUGHES,* JJ.

T. M. BURNS, J. Plaintiff, an inmate at Marquette Prison, seeks a writ of mandamus requiring the Department of Corrections to hold a formal parole violation hearing.

On December 6, 1968, plaintiff was paroled from prison where he was serving a sentence for the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

felony of escape.  On February 7, 1969, a complaint was filed against the plaintiff charging him with possession of an uncased shotgun in an automobile. He was arrested on February 11, 1969, and taken to the Macomb County Jail.

On March 6, 1969, a parole violation warrant was issued and plaintiff was returned to prison on March 17, 1969.  On March 20, 1969, plaintiff was informed of the parole violation charges against him and was also informed of his right to a hearing before two members of the Parole Board within 30 days.  He was also informed of his right to have counsel present at the hearing at his own expense. Plaintiff requested a hearing and it was set for March 31, 1969.  Plaintiff's attorney then advised the Parole Board that the date for the hearing was inconvenient and the date was changed for him to April 14, 1969.

On the date set for the hearing, plaintiff was brought before two members of the Parole Board. His attorney had withdrawn from the case and plaintiff, not being able to afford another attorney, appeared by himself.  After this meeting, the Parole Board revoked the plaintiff's parole.

Plaintiff then filed a complaint in this Court for an order to show cause and a writ of mandamus requiring the Department of Corrections to hold a formal parole violation hearing.  On January 22, 1970, this Court ordered the Department of Corrections to show cause why plaintiff should not be granted the writ of mandamus.

Plaintiff first contends that the Parole Board was denied jurisdiction to conduct a parole violation hearing because more than 30 days had elapsed from the date of his arrest to the date of the hearing.  The applicable statute provides in part:

"Within 30 days after a paroled prisoner has been returned to a state penal institution under accusation of a violation of his parole * * * he shall be entitled to a hearing on such charges."[1]

Since the 30-day period does not begin to run until the paroled prisoner has been "returned to a state penal institution", the question presented to this Court is when was the plaintiff returned to a state penal institution for purposes of the statute.

Since it is not uncommon for state prisoners to be temporarily housed in local or county jails, the plaintiff should be deemed to have been "returned to a state penal institution" upon issuance of the parole violation warrant and arrest. The prisoner should not have to wait until he is actually returned to a state prison. When a paroled prisoner is incarcerated in any penal institution under the paroled violation warrant, the 30-day period should begin to run.

It is plaintiff's position, however, that the 30-day period should begin to run from the date of his arrest regardless of when the parole violation warrant is issued. We do not agree. Plaintiff was arrested and charged with possession of an uncased shotgun. Plaintiff does not question the legality of his confinement on the charge. Therefore, since he was not incarcerated "under accusation of a violation of his parole" until the Department of Corrections had considered whether to recommend revocation of parole and the parole violation warrant had been issued, plaintiff was not "returned to a state penal institution" until March 6, 1969. Therefore, since the hearing was originally scheduled for March 31, 1969, and the one adjournment was at the request of the plaintiff, the 30-day requirement

---

[1] MCLA § 791.240a (Stat Ann 1970 Cum Supp § 28.2310[1]).

of MCLA § 791.240a (Stat Ann 1970 Cum Supp § 28.2310[1]) was met. Therefore, since plaintiff does not contend that the 25-day period between the date of his arrest and the issuance of the parole violation warrant was undue or unreasonable, we find plaintiff's first contention to be without merit.

Plaintiff next contends that he was not given a "hearing" within the meaning of MCLA § 791.240a (Stat Ann 1970 Cum Supp § 28.2310[1]), which provides:

"Within 30 days after a paroled prisoner has been returned to a state penal institution under accusation of a violation of his parole, other than the conviction for a felony or misdemeanor punishable by imprisonment in any jail, a state or federal prison under the laws of this state, the United States or any other state or territory of the United States, he shall be entitled to a hearing on such charges before 2 members of the parole board. Hearings shall be conducted in accordance with rules and regulations adopted by the director, and the accused prisoner shall be given an opportunity to appear personally or with counsel and answer to the charges placed against him."

The brief record of the proceeding which was held before two members of the Parole Board reads as follows:

"*Mr. McConnell:* You are Ronald Feazel, No. 110–445?

"*A.* Yes.

"*Mr. McConnell:* You are before us today as a parole violator. Did you incur any convictions while on parole?

"*A.* No sir.

"*Mr. McConnell:* All right, do you have plans for counsel?

"*A.* No sir, I couldn't afford it.

*"Mr. McConnell:* You will be heard today by the board then?

*"A.* Yes sir.

*"Mr. McConnell:* All right, I will read the charges and I would like you to answer to them.

"1. Rule 5, in that you had under your control a deadly weapon a 20-gauge shotgun without permission, when you were ticketed by the Shelby Police. Did you have a gun?

*"A.* Yes I had a reasonable facsimile thereof.

"2. Violated Rule 7, special condition No. 5, failed to conduct yourself so as not to be a hazard to yourself. You threatened another person.

*"A.* No sir, I did not.

"3. Special condition No. 1, cashed a check at a market.

*"A.* True."[2]

Plaintiff was not given the opportunity to present witnesses or introduce proofs at the proceeding before the Parole Board. The plaintiff, therefore, contends that he has not been afforded a hearing within the meaning of the statute.

The present statute replaces MCLA § 791.240 (Stat Ann 1954 Rev § 28.2310), which provided for a "fair and impartial hearing" at which the prisoner:

"shall be allowed to be heard by counsel of his own choice, at his own expense, and may defend himself, and he *shall have the right to produce witnesses and proofs in his favor and to meet the*

[2] What else occurred at the proceeding beyond what has been set forth above has not been made to appear by affidavit or otherwise. We have only been advised by the Attorney General's brief that "unfortunately the full hearing was not recorded".

Defendant contends that the testimony of the plaintiff constitutes an admission of the parole violations. However in light of the meager record, we are not convinced that plaintiff admitted anything, especially in light of the fact that plaintiff contends that he had been fixing the shotgun and that it was completely inoperable.

*witnesses who are produced against him."* (Emphasis supplied.)

It is the Attorney General's position that the deletion of the provisions for the production of witnesses and proofs by the defendant from the present statute reveals a clear legislative intent to limit the rights of paroled prisoners. In support of his position the Attorney General cites *Lane* v. *Parole Board* (1970), 383 Mich 50, as standing for the proposition that under the present statute a parolee accused of a parole violation is no longer entitled to introduce any evidence at the hearing. However, the question before the Court in *Lane* was whether the period of parole could be extended without giving the paroled prisoner the benefit of a hearing. The Court decided that it could and did not, therefore, reach the question of what constitutes a hearing.

The present statute does not spell out the right of the parolee to produce witnesses and proofs, but it does provide for a hearing. It is the opinion of this Court that a hearing necessarily comprehends the right of the accused to produce witnesses and proofs and to meet the witnesses who are produced against him. We are of the opinion that any proceeding which does not provide for the production of witnesses and the introduction of evidence would not be a hearing at all.

The Court would also point out that on May 28, 1970, the Department of Corrections, Parole Board, filed with the Secretary of State rules and regulations concerning paroles, pardons, reprieves, and commutations of sentences.[3] Of these, Rule 32(4) provides:

"Except as otherwise provided in these rules, Act No 306 of the Public Acts of 1969, being sec-

---

[3] Administrative Code:  1970 AACS, R 791.301–R 791.351.

tions 24.201 to 24.313 of the Compiled Laws of 1948, will apply to the hearing."[4]

Chapter 4 of Act No 306 sets forth the procedures to be used in contested cases. Section 72(3) of chapter 4 provides:

"The parties shall be given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact."

Although we are of the opinion that the plaintiff was denied a "hearing" within the meaning of MCLA § 791.240a, we are also of the opinion that just because this particular parolee was accused of a parole violation between the time MCLA § 791.240 was repealed and the present regulations governing the hearing were adopted, he should not be denied the opportunity to introduce proofs and present witnesses.

The case is, therefore, reversed and remanded to the Parole Board for a new hearing in compliance with the new procedures adopted by the Department of Corrections.

---

[4] *Id.*, R 791.332.