TRAYER v KENT COUNTY SHERIFF

Docket No. 49736. Submitted November 17, 1980, at Grand Rapids.—
Decided February 18, 1981.

Walter E. Trayer was arrested on a fugitive warrant issued in
Pennsylvania. Upon his arraignment on a governor's warrant,
Trayer filed an action in Kent Circuit Court for a writ of
habeas corpus. The writ was granted, and at a subsequent
hearing on that writ the court, Roman J. Snow, J., concluded
that extradition was proper. The writ of habeas corpus was
dissolved and Trayer was ordered to be released to Pennsylva-
nia authorities. Trayer moved for a stay of execution pending
appeal, which was denied. He then sought a stay from several
judges of the Court of Appeals, which was denied. Later that
day he obtained a writ of habeas corpus from a Federal district
court judge, but by that time he was in the custody of Pennsyl-
vania authorities. Trayer appeals from the circuit court's deci-
sion. *Held:*

Trayer's extradition to Pennsylvania has rendered any alle-
gation of error in the circuit court moot. His remedy would
have been to file an original action for habeas corpus in the
Court of Appeals and to seek a stay of execution at that time.

Affirmed.

T. M. Burns, J., concurred but wrote separately to criticize
the haste with which Trayer was removed from the state while
he was in the process of invoking the jurisdiction of the Court
of Appeals and the Federal court. Judge Burns would encour-
age the Supreme Court to examine the court rule which prohib-
its an automatic stay of execution in a case such as this.

---

References for Points in Headnotes

[1] 39 Am Jur 2d, Habeas Corpus § 1.
[2, 3] 31 Am Jur 2d, Extradition §§ 25, 64, 65.
  39 Am Jur 2d, Habeas Corpus §§ 76, 78.
  Discharge on habeas corpus of one held in extradition proceedings
    as precluding subsequent extradition proceedings. 33 ALR3d
    1443.
  Determination, in extradition proceedings, or on habeas corpus in
    such proceedings, whether a crime is charged. 40 ALR2d 1151.

OPINION OF THE COURT

1. HABEAS CORPUS — ILLEGAL CONFINEMENT.

Habeas corpus is a civil proceeding, the purpose of which is to cause the release of persons illegally confined and to inquire into the authority by which a person is detained.

2. HABEAS CORPUS — EXTRADITION.

A writ of habeas corpus issued in a state which has detained a person on an out-of-state warrant is of no legal effect where the person has been released to the demanding state under a writ of extradition.

CONCURRENCE BY T. M. BURNS, J.

3. HABEAS CORPUS — EXTRADITION.

*A person whose extradition on a fugitive warrant has been ordered and who has begun habeas corpus proceedings in the Court of Appeals or the Federal District Court should be allowed to remain in the state for a reasonable length of time in order to present his arguments to those courts.*

*Miller, Johnson, Snell & Cummiskey* (by *Jon R. Muth* and *Thomas C. Kohler),* for plaintiff.

*David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for defendant.

Before: MACKENZIE, P.J., and T. M. BURNS and BASHARA, JJ.

PER CURIAM. Plaintiff-appellant, Walter E. Trayer, was arrested in Grand Rapids, Michigan, on November 8, 1979, on a fugitive warrant issued in September, 1978, in Lebanon County, Pennsylvania. The fugitive warrant and its supporting information alleged that plaintiff, on or about September 9, 1978, possessed marijuana with intent to deliver, possessed hashish with intent to deliver, and conspired to possess marijuana and hashish with intent to deliver.

A governor's warrant was issued by the Gover-

nor of the State of Michigan on about December 30, 1979. Plaintiff was arraigned upon the warrant on January 10, 1980. Immediately upon arraignment, appellant was granted a writ of habeas corpus in Kent County Circuit Court.

A hearing on the writ was held on January 25, 1980, at 3 p.m. The court concluded at the close of the hearing that the extradition documents were in order and that plaintiff had failed to sustain the burden of proof that he was not a fugitive.

Plaintiff was ordered released to Pennsylvania authorities in accordance with the Governor's writ of extradition. Plaintiff's motion for stay of execution pending appeal was denied.

The parties stipulate to the fact that plaintiff then contacted three judges of this Court, seeking a stay of execution pending appeal. The request was denied on the grounds that no claim of appeal had been filed in this Court.

A writ of habeas corpus was obtained from a Federal district court judge at 11:20 p.m. However, Pennsylvania authorities had taken custody of plaintiff earlier in the evening.

Plaintiff filed an appeal as of right pursuant to GCR 1963, 806.1.

At the outset, we hold that any allegation of error in the circuit court habeas corpus proceeding has been rendered moot by plaintiff's extradition to Pennsylvania. Habeas corpus is a civil proceeding, the main purpose of which is to cause the release of persons illegally confined and to inquire into the authority by which a person is detained. *People v McCager,* 367 Mich 116, 121; 116 NW2d 205 (1962); see generally, MCL 780.1 *et seq.;* MSA 28.1285(1) *et seq.* Where the writ of extradition has been spent by releasing the prisoner to the demanding state, the issuance of a writ of habeas

corpus in the detaining state is of no legal effect. See *Cook v Hart,* 146 US 183; 13 S Ct 40; 36 L Ed 934 (1892), *People v Martin,* 386 Mich 407, 424; 192 NW2d 215 (1971), *cert den sub nom Lewis v Michigan,* 408 US 929; 92 S Ct 2505; 33 L Ed 2d 342 (1972).

Therefore, once the Pennsylvania officials transported plaintiff out of Michigan, he was left without a remedy in this state. *Martin, supra.* Even if the trial court erred in denying the writ and the motion to stay execution of the writ of extradition, plaintiff's appeal is moot. Plaintiff's remedy lies in a direct attack on the legality of the criminal charges in the Pennsylvania courts.

Although not necessary in rendering our decision, we note that plaintiff's remedy, if he had remained in Michigan, would have been to file an original writ of habeas corpus action in this Court and seek a stay of execution at that time. *Parshay v Warden of Marquette Prison,* 30 Mich App 556, 558; 186 NW2d 859 (1971), GCR 1963, 710.1(3), 712.1.

We also parenthetically hold, based upon review of the record, that the writ was properly denied by the trial court, based upon the factors enumerated in *Michigan v Doran,* 439 US 282, 289; 99 S Ct 530, 535; 58 L Ed 2d 521, 527 (1978).

Dismissed for lack of jurisdiction.

T. M. BURNS, J. *(concurring).* I concur in the result reached and write only to criticize the unseemly haste with which plaintiff was taken from this state on January 25, 1980. At the very time that plaintiff was in the process of invoking the jurisdiction of this Court and of the Federal District Court and seeking relief through habeas corpus proceedings, plaintiff was taken by law enforce-

ment authorities and rushed from the jurisdiction of these tribunals. There is nothing in the record that would justify the efforts of these officials to hasten plaintiff from this state before this Court or the Federal District Court could intervene. Plaintiff's only failing in this regard was that, despite his attempt to do so, he could not invoke the jurisdiction of these tribunals quickly enough.

Our system of criminal justice is not a game. It is a process by which those rights and liberties that we hold dear are insured and safeguarded against unwarranted state intrusion. Any action by a segment of our law enforcement system that calls into question its own integrity and good faith will in turn demean the integrity and good faith of the entire system. There is no reason why plaintiff's departure from this state could not have been delayed for a reasonable length of time so that he could have presented his arguments to this Court or to the Federal District Court.

In order to insure that persons such as plaintiff are given a reasonable opportunity for review of a lower court order dissolving a writ of habeas corpus and permitting a prisoner to be extradited to another state, I would encourage the Supreme Court to examine the wisdom of not permitting the automatic stay provisions of GCR 1963, 530.1 to apply to orders in cases such as the instant one. See, GCR 1963, 710.9.