PEOPLE v THOMPSON

Docket No. 61712. Submitted February 17, 1983, at Detroit.—Decided April 19, 1983.

Defendant, Curtis E. Thompson, pled guilty in the Detroit Recorder's Court to attempted carrying a concealed weapon. Defendant moved for the return of his pistol at his sentencing. The trial court, Clarice Jobes, J., granted an order requiring the Detroit Police Department to return defendant's registered pistol which had been legally seized during defendant's arrest. The people appeal by leave granted. *Held:*

1. The issue raised by the people is technically moot since, during the pendency of the appeal, the trial court granted defendant's motion to withdraw his request for the return of his pistol. Nevertheless, the Court of Appeals reviewed the merits of the people's argument since the issue is one having public significance and is likely to recur.

2. The forfeiture statute provides for an absolute forfeiture of a firearm if, as here, it is carried, possessed, or used contrary to Chapter 37 of the Michigan Penal Code. The statute does not grant a trial court discretion to decide whether a defendant may have his or her weapon returned.

3. The forfeiture statute is unambiguous on its face.

The trial court's order for the return of defendant's pistol is reversed.

1. APPEAL — MOOTNESS — RECURRING ISSUES.

The Court of Appeals may consider the merits of technically moot issues if the issues have public significance and are likely to recur.

2. CRIMINAL LAW — WEAPONS — FORFEITURE.

The statute regarding the forfeiture of firearms carried, possessed

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 768.

[2] 21 Am Jur 2d, Criminal Law § 252.

Seizure and forfeiture of firearms or ammunition under 18 USCS § 924(d) 57 ALR Fed 234.

[3] 73 Am Jur 2d, Statutes § 194.

or used contrary to Chapter 37 of the Michigan Penal Code provides for the absolute forfeiture of such firearms and does not grant a trial court discretion to decide whether a defendant convicted of such a violation may have his firearm returned (MCL 750.239; MSA 28.436).

3. CRIMINAL LAW — CONSTITUTIONAL LAW — WEAPONS — FORFEI-
   TURE.

The statute regarding the forfeiture of firearms carried, possessed or used contrary to Chapter 37 of the Michigan Penal Code is unambiguous on its face (MCL 750.239; MSA 28.436).

*Sylvester Delaney,* Acting Corporation Counsel, and *Mary Rose Prost* and *Thomas W. Deinek,* Detroit Police Department Legal Advisor Unit, for the people.

Before: MACKENZIE, P.J., and BRONSON and HOOD, JJ.

PER CURIAM. The people appeal, by leave granted, from the trial court's order to the Detroit Police Department requiring the department to return defendant's registered pistol which was legally seized during defendant's arrest. Defendant had previously pled guilty to attempted carrying a concealed weapon, MCL 750.227; MSA 28.424, and was sentenced to one year probation. Defendant moved for the return of his pistol at sentencing.

During the pendency of this appeal, the trial court granted defendant's motion to withdraw his request for the return of his pistol. Thus, the issue raised by the people is technically moot. Nevertheless, we review the merits of the people's argument because this issue has public significance and is likely to recur. *Milford v People's Community Hospital Authority,* 380 Mich 49, 55-56; 155 NW2d 835 (1968); *Colombini v Dep't of Social Services,* 93 Mich App 157, 161; 286 NW2d 77 (1979).

The people argued before the trial court and again on appeal that a statute mandates that a defendant convicted of attempted carrying a concealed weapon forfeit the weapon that is possessed during the crime. The people also argue that the forfeiture statute does not grant a trial court discretion to decide whether a defendant convicted of this crime may have his or her weapon returned. We agree.

The forfeiture statute provides:

"All pistols, weapons or devices carried, possessed or used contrary to this chapter are hereby declared forfeited to the state, and shall be turned over to the commissioner of the Michigan state police or his designated representative, for such disposition as the commissioner may prescribe." MCL 750.239; MSA 28.436.

The statute provides for an absolute forfeiture of firearms if they are carried, possessed, or used contrary to Chapter 37 of the Michigan Penal Code. In this case, defendant violated a provision of Chapter 37. Furthermore, there is no dispute that the pistol at issue was the firearm he possessed while violating § 227 of Chapter 37.

We find the forfeiture statute unambiguous on its face. See *Detroit v Redford Twp,* 253 Mich 453; 235 NW 217 (1931). Thus, we find that the trial court in this case had no discretion to exercise. Because the forfeiture statute controlled this question, the trial court had no choice but to deny defendant's motion.

The trial court's order for the return of defendant's pistol is, therefore, reversed.