SHELBY CHARTER TOWNSHIP v STATE BOUNDARY
COMMISSION

Docket Nos. 66821, 67104. Submitted August 9, 1983, at Detroit.—
Decided October 11, 1983. Leave to appeal applied for.

On December 14, 1977, the City of Utica filed a petition with the
Michigan State Boundary Commission seeking the annexation
of approximately one-half square mile of land located in Shelby
Township, which was in the process of incorporating as a
charter township. Shelby Township became a charter township
on November 30, 1978. A statute became effective June 15,
1978, giving charter townships which met certain conditions an
exemption from annexation. One of the conditions was that the
township provide "water and or sewer services by contract or
otherwise". The commission found that the township did not
meet the requirement for exemption. Shelby Township provides
approximately one-third of its residents with sewer services. It
appears that the only obstacle in the way of full sewer service
is voter approval. Shelby Township also has the current capac-
ity to provide virtually all of its residents with water services.
Shelby Township petitioned the Macomb Circuit Court to set
aside the commission's decision. The City of Utica intervened.
The court, Lawrence P. Zatkoff, J., granted the petition and
ordered the commission's decision set aside. The State Bound-
ary Commission and its members appealed. The City of Utica
appealed. *Held:*

An administrative interpretation of a statute is not conclu-
sive and cannot overcome the plain meaning of the statute. The
statute setting out the prerequisites for exemption of certain

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 162.
[1, 2] 73 Am Jur 2d, Statutes § 168.
[2] 73 Am Jur 2d, Statutes §§ 204-208.
[3] 73 Am Jur 2d, Statutes § 194.
[4, 5] 56 Am Jur 2d, Municipal Corporations § 57.
[5] 56 Am Jur 2d, Municipal Corporations § 69.
   73 Am Jur 2d, Statutes § 196.
What land is contiguous or adjacent to municipality so as to be
subject to annexation. 49 ALR3d 589.

townships from annexation requires only that the township provide water or sewer service, not both. The circuit court correctly found that Shelby Township complied with the condition and was exempt from annexation.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION — ADMINISTRATIVE INTERPRETATION.

Although a court, in construing a statute, should give some deference to the interpretation given by an agency which is entrusted to enforce it, courts need not give deference to interpretations not of long standing.

2. STATUTES — JUDICIAL CONSTRUCTION — ADMINISTRATIVE INTERPRETATION.

An administrative interpretation of a statute is not conclusive and cannot overcome the plain meaning of the statute.

3. STATUTES — JUDICIAL CONSTRUCTION.

The provision of a statute will be applied as written where the language of the statute is plain and unambiguous.

4. TOWNSHIPS — ANNEXATION — EXEMPTION FROM ANNEXATION.

The statute setting out the prerequisites for exempting of certain townships from annexation requires only that the township provide water or sewer service, not both (MCL 42.34[1][f]; MSA 5.46[1][f]).

5. BOUNDARIES — STATUTES — TOWNSHIPS — ANNEXATION.

The intent of the Legislature in the 1978 amendment of a statute governing annexation of property in a charter township is clear and unambiguous; after June 15, 1978, the annexation of property in a charter township by a contiguous city or village was considerably limited (MCL 42.34; MSA 5.46[34]).

*Stewart, O'Reilly, Lascoe & Rancilio, P.C.* (by *Edward L. Graham),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Milton I. Firestone* and *George M. Elworth,* Assistants Attorney General, for the State Boundary Commission.

*Law Offices of William J. McGrail, Jr., P.C.* (by

*William J. McGrail, Jr.),* for intervening respondent-appellant.

Before: BRONSON, P.J., and T. M. BURNS and J. T. KALLMAN,* JJ.

PER CURIAM. On December 14, 1977, the City of Utica filed a petition with the Michigan State Boundary Commission seeking the annexation of approximately one-half square mile of land located in Shelby Township. During the commission's proceedings, evidence was introduced showing that the township had water capacity of 27 million gallons per day, of which 1.3 million gallons were used. Its sewer capacity was 8.8 million gallons per day, of which 0.2 million gallons were used.

The commission's summary of proceedings, finding of fact, and order were issued on December 11, 1980. Among the information noticed by the commission was the following:

"19. Utica provides water and sewer service to virtually all of the city while Shelby provides varying degrees of water and sewer service to scattered portions of the township;

"20. The city has sewer and water lines of adequate size approximately 1000 feet from the proposed area and states that it could have service in part of the area within 6 weeks;

"21. Such service flowing to the west would require lift stations on the sewer system since the natural flow is to the east.

"22. The township has water service in the northern portion of section 35, with mains of adequate size to extend and service the proposed area;

"23. The township has been exploring several methods of extending sewer service to the area during the last three years;

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"24. The township is presently attempting to negoti-
ate contracts with Washington and Macomb Townships
that would give them the ability and capacity to service
the area in approximately 2 years;

"25. Property owners in the proposed area testified
that they desire and need sewer service to develope [sic]
their property;

\* \* \*

"32. Shelby Township has the potential of ultimately
providing water service to 85% of the land area of the
township through existing contract and capacities;

"33. Shelby Township presently provides sewer ser-
vice to approximately 6% of the township land area
that contains 11,600 residents which is less than 1/3 of
the townships current estimated population of 38,000."

The commission granted Utica's request finding
that the township was not exempt from annex-
ation:

"Shelby Township does not meet the standard of
subsection (1)(f) of 1978 PA 591, as it serves only about
6% of the township land area and less than 1/3 of the
townships [sic] total population with sewer."

On January 8, 1981, Shelby Township filed an
appeal to the circuit court. The circuit judge found
that the commission erred in interpreting the
language of MCL 42.34; MSA 5.46(34) to permit
the annexation of property within the township.
The City of Utica and the commission appeal as of
right the circuit judge's order reversing the com-
mission's order.

The circuit judge set aside the commission's
decision, finding that "[w]hen dealing with exemp-
tions from annexation [rather than annexation
itself] \* \* \* the State Boundary Commission [has
no] authority to inject any standard other than
that contained in the statute". The statute, MCL

42.34(1); MSA 5.46(34)(1), states "a township * * * incorporated [after June 15, 1978] as a charter township that complies with the following standards, shall be exempt from annexation to any contiguous city". The only standard that respondents claim Shelby Township does not comply with is:

"(f) Provides water and or sewer services by contract or otherwise."[1]

Respondents argue that the trial judge erred in finding that the commission had improperly construed the language of MCL 42.34(1); MSA 5.46(34)(1). They assert that the court should have given greater deference to the administrative agency's interpretation of the statutory language. Although the courts should give some deference to an agency's interpretation of a statute it is entrusted to enforce, *Detroit Automobile Inter-Ins Exchange v Comm'r of Ins,* 119 Mich App 113, 120; 326 NW2d 444 (1982), administrative interpretations not of long standing are not given great deference. *People v Dunn,* 104 Mich App 419, 425; 304 NW2d 856 (1981). The circuit court was therefore not in error by failing to give greater weight to the commission's analysis of the statute in the instant case.

An administrative interpretation of a statute is not conclusive and cannot be used to overcome the plain meaning of the statute. *People v Dunn, supra,* p 425. If the wording of a statute is unambiguous, its provisions will be applied as written.

[1] The Legislature amended MCL 42.34(1); MSA 5.46(34)(1) by 1978 PA 591 to read:

"(f) Provides water or sewer services, or both by contract or otherwise."

This amendment does not affect the outcome of our decision.

*Dussia v Monroe County Employees Retirement System,* 386 Mich 244; 191 NW2d 307 (1971); *Avon Twp v State Boundary Comm,* 96 Mich App 736, 743; 293 NW2d 691 (1980), *lv den* 410 Mich 853 (1980); *St Joseph Twp v State Boundary Comm,* 101 Mich App 407, 414; 300 NW2d 578 (1980). When the language of the statute creates a doubt, it is given a reasonable construction looking to its purpose. *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park,* 400 Mich 184; 253 NW2d 646 (1977).

The commission erred in interpreting MCL 42.34(1); MSA 5.46(34)(1). The commission specifically noticed that the township has the capacity to provide adequate water service.[2] They found, however, that the township was not exempt from annexation because it failed to provide adequate sewer service. The statute clearly does not require the township to provide both water and sewer services. The statute only requires that the township provide water *or* sewer services. Utica's argument that the amendment adding "or both" creates an ambiguity is totally without merit.[3]

Respondents also argue that the commission properly imposed a reasonable standard on the interpretation of the statute. One of the commissioners had served on the Governor's Study Committee for the proposed amendment. He stated that it was his interpretation that the amendment intended that a township that provides similar

[2] Respondents argue that the commision made a typographical error in this finding. The record does not support their contention.

[3] The Legislature apparently resolved any ambiguity in an amendment to the statute. See fn 1, *supra.* In keeping with their argument, the City of Utica claims that the commission found that the township provided inadequate water services. This is a misstatement of fact. The commission made no such findings. To the contrary, as previously noted, it appears that the commission found that the township provided adequate water services.

services as a city would be exempt from annexation. He felt that the statute required that the township provide these services to about 85% of its residents. He added that providing these services to 50% of the residents would not have satisfied the requirements of the statue.[4]

Such a rigid standard to quality for exemption from annexation was not included in the amendment. The clear and unambiguous intent of the Legislature was to considerably limit the power of a city or village to annex contiguous township property. *Avon Twp v State Boundary Comm, supra,* p 742. Before the amendments in 1978, the statute gave cities and villages liberal power to annex land from townships.

Respondents argue that the standard the commission imposed upon this statute is necessary to prevent a township from gaining exemption from annexation by providing token services. Shelby Township provides far more than token water and sewer services. A township that only provided token services would not be exempt under this statute since courts will depart from a literal construction of a statute when such a construction would produce absurd and unjust results. *Salas v Clements,* 399 Mich 103; 247 NW2d 889 (1976). There is no need to depart from a literal construction of the statute in this case since it would not produce absurd and unjust results.

The Attorney General has previously indicated that somewhat less than urban quality services would satisfy the requirements of MCL 42.34; MSA 5.46(34). OAG 1980, No 5772, p 962. In that opinion, the Attorney General found that one police officer for a township with 2,500 residents would

---

[4] All of the commissioners did not agree with this commissioner's interpretation of the statute.

satisfy MCL 42.34(1)(g); MSA 5.46(34)(1)(g). Shelby Township provides approximately one-third of its residents with sewer services. It appears that the only obstacle in the way of full sewer service is voter approval. Shelby Township also has the current capacity to provide virtually all of its residents with water services. Considering these facts, the circuit court correctly found that Shelby Township complied with MCL 42.34(1)(f); MSA 5.46(34)(1)(f) and was, therefore, exempt from annexation.

Affirmed.