## HINTON v PAROLE BOARD

Docket No. 81588. Submitted October 4, 1985, at Lansing.—Decided January 7, 1986.

Plaintiff, Henry Hinton, brought an action for habeas corpus in the Recorder's Court of Detroit against the Michigan Parole Board. On July 13, 1984, plaintiff was arrrested and charged with felonious assault and malicious destruction of property. Hinton and his two brothers assaulted a patron at Rocky's Bar, located in the City of Detroit, and proceeded to break up tables and chairs and cause other damage. At the time of this incident, Hinton was a parolee whose parole status was subject to the following conditions: (1) that he not engage in assaultive, abusive, threatening or intimidating behavior; and (2) that he not enter establishments which dispense intoxicants for consumption on the premises. Hinton was incarcerated in the Wayne County Jail on July 13, 1984, when, following his arraignment on the criminal charges, he did not post bond. The Michigan Department of Corrections issued a parole detainer or "hold" for Hinton on July 16, 1984. Hinton was served with a notice of parole violations, detailing the charges against him, on July 20, 1984. On September 14, 1984, the underlying criminal charges were dismissed for insufficient evidence, pursuant to plaintiff's motion. Following dismissal of the criminal charges, the Michigan Department of Corrections issued a parole violation warrant which was served on Hinton on September 19, 1984. A hearing on this warrant was scheduled for October 25, 1984. However, the hearing was adjourned indefinitely at the request of plaintiff's counsel, who had a scheduling conflict. Plaintiff filed a complaint for a writ of habeas corpus on October 24, 1984. The writ was granted, George W.

REFERENCES

Am Jur 2d, Appeal and Error §§ 728, 729.

Am Jur 2d, Habeas Corpus §§ 28 *et seq.*

Am Jur 2d, Pardon and Parole §§ 90 *et seq.*

Am Jur 2d, Statutes §§ 168, 172, 194.

When criminal case becomes moot so as to preclude review of or attack on conviction or sentence. 9 ALR3d 462.

See also the annotations in the ALR3d/4th Quick Index under Habeas Corpus; Pardon, Parole, or Probation.

Crockett, III, J., on October 29, 1984, based on the finding that plaintiff was not afforded a parole revocation hearing within 45 days of being "available for return to a state penal institution". Defendant appealed. *Held:*

1. While the issues raised were moot, since plaintiff was released from parole during the pendency of the appeal, the Court of Appeals reviewed the merits since it believed the issues were of public importance and were likely to recur.

2. A parolee detained on local criminal charges and accused of a parole violation is entitled to a hearing within 45 days of his release on the local criminal charges where a parole violation warrant has been issued but not executed. The hearing was timely scheduled and properly postponed at the request of plaintiff's counsel.

3. The issue was not properly brought up by a complaint for a writ of habeas corpus. A radical defect in jurisdiction, which would allow a convicted defendant to use habeas corpus proceedings for review of his conviction, contemplates an act or omission by state authorities that clearly contravenes an express legal requirement in existence at the time of the act or omission. The error alleged could not be viewed as a clear contravention of an express legal requirement.

Reversed.

M. J. KELLY, J., concurred but wrote separately that, under the circumstances, it was unnecessary to address the authority of the lower court to consider unsettled questions of law in a habeas corpus proceedings.

1. APPEAL — MOOT QUESTION — RECURRING ISSUES.

The Court of Appeals may consider the merits of technically moot issues if the issues have public significance and are likely to recur.

2. APPEAL — JUDICIAL CONSTRUCTION — RULES OF CONSTRUCTION.

The Court of Appeals is governed by traditional rules of statutory construction; if a statute is unambiguous on its face, further interpretation or construction will be avoided, but where ambiguity exists, it is the duty of the court to give effect to the legislative intent upon enactment.

3. STATUTES — JUDICIAL CONSTRUCTION — ADMINISTRATIVE INTERPRETATION.

Although a court, in construing a statute, should give some deference to the interpretation given by an agency which is entrusted to enforce it, courts need not give deference to interpretations not of long standing.

4. PAROLE — REVOCATION OF PAROLE — HEARINGS — TIMELINESS.

> A parolee detained on local criminal charges and accused of a
> parole violation is entitled to a hearing on his parole violation
> within 45 days of his release on the local criminal charges
> where a parole violation warrant has been issued but not
> executed (MCL 791.240a[1]; MSA 28.2310[1][1]).

5. HABEAS CORPUS — CRIMINAL LAW — JURISDICTION — RADICAL
   DEFECT.

> A radical defect in jurisdiction, which would allow a convicted
> defendant to use habeas corpus proceedings for review of his
> conviction, contemplates an act or omission by state authorities
> that clearly contravenes an express legal requirement in exis-
> tence at the time of the act or omission.

*Alvin C. Sallen,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas A. Kulick* and *Louis J. Porter,* Assistants Attorney General, for the defendant.

Before: M. J. KELLY, P.J., and ALLEN and R. M. SHUSTER,* JJ.

PER CURIAM. In this appeal as of right we are asked to decide when a parolee is "available for return to a state penal institution under accusation of a violation of parole" within the meaning of MCL 791.240a(1); MSA 28.2310(1)(1), as amended by 1982 PA 314, § 1. Further, we must determine whether such an issue can properly be raised in a habeas corpus proceeding.

On July 13, 1984, plaintiff, Henry Hinton, was arrested and charged with felonious assault and malicious destruction of property, MCL 750.82; MSA 28.277, and MCL 750.377a; MSA 28.609(1). Allegedly, Hinton and his two brothers assaulted a patron at Rocky's Bar, located in the City of Detroit, and proceeded to break up tables and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

chairs and cause other damage. At the time of this incident, Hinton was a parolee whose parole status was subject to the following conditions: (1) that he not engage in assaultive, abusive, threatening or intimidating behavior; and (2) that he not enter establishments which dispense intoxicants for consumption on the premises.

Hinton was incarcerated in the Wayne County Jail on July 13, 1984, when, following his arraignment on the criminal charges, he did not post bond. The Michigan Department of Corrections issued a parole detainer or "hold" for Hinton on July 16, 1984, pursuant to MCL 791.239; MSA 28.2309. Hinton was served with a notice of parole violations, detailing the charges against him, on July 20, 1984. On September 14, 1984, the underlying criminal charges were dismissed for insufficient evidence, pursuant to plaintiff's motion.

Following dismissal of the criminal charges, the Michigan Department of Corrections issued a parole violation warrant which was served on Hinton on September 19, 1984. A hearing on this warrant was scheduled for October 25, 1984. However, the hearing was adjourned indefinitely at the request of plaintiff's counsel, who had a scheduling conflict. Plaintiff filed a petition for a writ of habeas corpus on October 24, 1984. The writ was granted on October 29, 1984, based on the finding that plaintiff was not afforded a parole revocation hearing within 45 days of being "available for return to a state penal institution". Defendant appels as of right.

During the pendency of this appeal, plaintiff was released from parole by the Michigan Department of Corrections. Thus, the issues raised in this appeal are technically moot. Nevertheless, this Court will review the merits of defendant's arguments since we are persuaded that the issues are

of public importance and that they are likely to recur and yet evade appellate review. *People v Thompson,* 125 Mich App 45, 46; 335 NW2d 712 (1983); *Milford v People's Community Hospital Authority,* 380 Mich 49, 55-56; 155 NW2d 835 (1968); *Colombini v Dep't of Social Service,* 93 Mich App 157, 161; 286 NW2d 77 (1979).

MCL 791.240a(1); MSA 28.2310(1)(1) provides in pertinent part:

"Within 45 days after a paroled prisoner has been returned *or is available for return* to a state penal institution under accusation of a violation of parole, other than the conviction for a felony or misdemeanor punishable by imprisonment under the laws of this state, the United States, or any other state or territory of the United States, the prisoner is entitled to a fact-finding hearing on the charges before 1 member of the parole board or an attorney hearings officer designated by the chairperson of the parole board." (Emphasis added.)

The emphasized language was added to this statute by 1982 PA 314, § 1. Prior to the amendment, the statute provided for a hearing within 30 days of the prisoner's "[having] been returned to a state penal institution". Plaintiff maintains that he was "available for return to a state penal institution" on July 20, 1984, the day he received notice of the parole revocation charges. In contrast, defendant maintains that plaintiff was available on September 14, 1984, the day the criminal charges were dismissed and plaintiff was being held in custody solely on the authority of the parole detainer. For the following reasons, we believe that defendant's construction of the statute is accurate. Thus, the trial court erred when it granted a writ of habeas corpus based on the alternative construction.

When called upon to construe a statute, this

Court is guided by traditional rules of statutory construction. A threshold rule dictates that no judicial interpretation or construction is necessary where a statute is unambiguous on its face. However, when ambiguity exists, this Court endeavors to give effect to the intent of the Legislature. *R & T Sheet Metal, Inc v Hospitality Motor Inns, Inc,* 139 Mich App 249, 253-254; 361 NW2d 785 (1984). Although some deference will be given to defendant's construction of this statute, since it is the entity charged with its administration, it is not entitled to great deference since the amendment at issue is not of long standing, having been enacted in 1982. *Shelby Charter Twp v State Boundary Comm,* 129 Mich App 650, 654; 341 NW2d 855 (1983), *lv granted* 422 Mich 857 (1985).

We believe that the case law interpreting § 791.240a(1) prior to the 1982 amendment is instructive with regard to legislative intent. A review of the case law indicates that in enacting 1982 PA 314, § 1, the Legislature was attempting to make § 791.240a(1) conform to prior judicial interpretations of this provisions.

In *Feazel v Dep't of Corrections,* 31 Mich App 425; 188 NW2d 59 (1971), this Court held that the prior statutory language "returned to a state penal institution", should not be literally construed. In *Feazel,* the parolee was arrested on February 11, 1969, for possession of an uncased shotgun in an automobile. He was served with a parole violation warrant on March 6, 1969, returned to prison on March 17, 1969, and afforded a hearing, after one adjournment at his own request, on April 14, 1969. The parolee maintained that the parole board lacked jurisdication to conduct the hearing since it was not afforded within 30 days of his arrest. This Court disagreed, finding that he was not incarcerated "under accusation of a violation

of parole" by virture of his arrest on the criminal charges. However, this Court indicated that a parolee did not actually have to be returned to prison before the running of the 30-day period was triggered. Rather, the time period began to run "[w]hen a paroled prisoner [was] incarcerated in any penal institution [including local and county jails] under the parole violation warrant". 31 Mich App 428.

In *Ward v Parole Board, Dep't of Corrections,* 35 Mich App 456; 192 NW2d 537 (1971), *lv den* 386 Mich 767 (1971), the concept of "availability" in connection with the unamended version of § 791.240a(1) was directly addressed for the first time. There, a parole violation warrant had issued on March 6, 1967, but was not served. A hearing was not convened within 30 days but the parole board contended that the period did not commence running since the parolee was in custody in Oakland County as of March 13, 1967, on a charge of armed robbery. This Court held that the parolee was "unavailable" by virtue of his incarceration in Oakland County on local criminal charges. Moreover, the Court held that the onus was on the parolee to make himself available to the parole board by posting bond or obtaining his release from restraint by some alternative means. Until the parolee was released from confinement on the criminal charges, he did not gain entitlement to a hearing within 30 days.

Because of *Feazel* and *Ward, supra,* the preamendment language of § 791.240a(1) did not comport with the settled law regarding when the 30-day period commenced running. However, by adding the language "or available for return" to a state penal institution. the statutory language was reconciled with the case law. Consistent with *Feasel,* a parolee incarcerated in a local or county jail

solely on the authority of a parole violation warrant would be entitled to a hearing within 45 days, since he would be available for return to prison. Similarly, consistent with *Ward,* a parolee would be entitled to a hearing within 45 days of his release on local criminal charges where a parole violation warrant had been issued but not executed; in such a situation, the parolee would not be available for return to prison until released by local authorities.

We presume that the Legislature was aware of this Court's prior opinions when it enacted 1982 PA 314, § 1. With that in mind, we can conceive of no reason, other than reconciliation of the statute with existing case law, for enacting this specific amendment. Plaintiff points out that 1982 PA 314, § 1 also provided for hearings locally whereas, before the amendment, hearings could only be held at state penal institutions. Plaintiff concludes that the amendment should therefore be construed to mean that a parolee is "available" as of the date that he is notified of parole violation charges. However, if the Legislature had intended such a result, we believe that it would have incorporated language to indicate that the 45 days was to begin running when the parolee was available for a hearing. Since the Legislature spoke instead of availability for return to prison, we do not find plaintiff's argument persuasive. Moreover, we note that policy considerations militate in favor of our construction of the amendment. As the Court held in *Ward, supra,*

"* * * the parole board does not lose jurisdiction over a parolee by deferring execution of a warrant for parole violation until the termination of other impending criminal proceedings.

"The reason for this holding is that if the parolee is

convicted of a felony or misdemeanor his parole is *ipso facto* revoked. The hearing on alleged violations * * * becomes pointless." 35 Mich App 461.

Application of our holding to the facts of this case indicates that Hinton was not "available for return" to prison until September 14, 1984, the date that the criminal charges were dismissed. At that time, Hinton's incarceration was authorized solely by the parole detainer. He was therefore entitled to a hearing by October 29, 1984. Such a hearing was timely scheduled for October 25, 1984, but was adjourned at the behest of plaintiff's counsel. We find that the lower court erred in holding that only the plaintiff could waive a timely hearing. The statute clearly provides that the hearing may be postponed for cause at the request of the parolee or his attorney. MCL 791.240a(3); MSA 28.2310(1)(3).

Defendant next argues that resolution of the issue pertaining to the meaning of the phrase "available for return" to prison was not proper in a habeas corpus proceeding. Defendant avers (1) that the proper procedure would have been to litigate the issue at the parole revocation hearing and, if resolved adversely, to pursue an appeal under the Administrative Procedures Act, MCL 24.301 *et seq.;* MSA 3.560(201) *et seq.,* and (2) that the grounds for release from detention in a habeas corpus proceeding may not involve unsettled questions of law.

In *Triplett v Deputy Warden, Jackson Prison,* 142 Mich App 774; 371 NW2d 862 (1985), this Court held that the availability of review of parole revocation decisions under § 101 of the Administrative Procedures Act, *supra,* did not foreclose alternative avenues of judicial review. Citing *In re Casella,* 313 Mich 393; 21 NW2d 175 (1946), this

Court further held that "review of a parole revocation decision is permissible upon a complaint for habeas corpus". 142 Mich App 779. The Court noted that construing the Administrative Procedures Act as affording an exclusive avenue for review would be unconstitutional, since a prisoner's right to file a complaint for habeas corpus is guaranteed by the state constitution. See Mich Const 1963, art 1, § 12.

We note that in *Triplett* and in *Smith v Michigan Parole Bd,* 78 Mich App 753; 261 NW2d 193 (1977) (involving a complaint for mandamus), there had actually been adjudication on whether to revoke parole. Thus, a central argument raised in those cases was that the habeas corpus or mandamus proceeding operated as a collateral attack on the parole revocation determination. In the case at bar, there had been no parole revocation hearing. Moveover, the issue raised at the habeas corpus proceeding dealt solely with whether plaintiff was being legally detained as opposed to errors attending a prior hearing. Unlike in the other two cases, this was not a stitutaion where error may have harbored pending the outcome of the hearing. Thus, defendant's argument, urging the exclusivity of an administrative appeal, is even less compelling than in *Triplett* and *Smith, supra.*

Nevertheless, defendant maintains that the Recorder's Court judge exceeded his authority in the habeas corpus proceeding. A complaint for habeas corpus is designed to test the legality of detaining an individual and restraining him of his liberty. *In re Huber,* 334 Mich 100; 53 NW2d 609 (1952); *Trayer v Kent County Sheriff,* 104 Mich App 32; 304 NW2d 11 (1981). If a legal basis for detention is lacking, a judge must order the release of the detainee from confinement. MCL 600.4352; MSA 27A.4352. However, the writ of habeas corpus

deals only with radical defects which render a judgment or proceeding absolutely void. *In re Stone*, 295 Mich 207; 294 NW2d 156 (1940); *Walls v Director of Institutional Services*, 84 Mich App 355; 269 NW2d 599 (1978). "A radical defect in jurisdiction contemplates * * * an act or omission by state authorities that clearly contravenes an express legal requirement in existence at the time of the act or omission." *People v Price*, 23 Mich App 663, 671; 179 NW2d 177 (1970).

Defendant points out that construction of the language "available for return" presented a novel question of law. Accordingly, defendant argues that any purported jurisdictional error could not be viewed as a "clear" contravention of an "express" legal requirement. We agree. Given the ambiguity in the statutory language, it was not at all clear that defendant lacked the authority to convene a hearing on the parole revocation charges. Thus, the lower court's action was not based on a "radical jurisdictional defect" as that term is defined in *Price*. A radical defect would have existed if, for example, 45 days had elapsed without a hearing from the date that the criminal charges were dismissed. In that circumstance, there would be no question with respect to whether plaintiff was being legally detained. However, granting a writ of habeas corpus is inappropriate where, as here, the basis for such relief depends on choosing between two plausible constructions of a statute. For,

"[i]f it were otherwise, *hebeas corpus* in the trial courts of this state would open the way for the less than uniform resolution of unsettled questions of law * * *." *Price*, 23 Mich App 671.

Reversed.

M. J. Kelly, P.J. *(concurring)*. I agree that a parolee in custody for alleged violation of probation becomes "available for return to a state penal institution", MCL 791.240a(1); MSA 28.2310(1)(1), at the moment custody is obtained solely on the basis of the parole detainer. I am, however, reluctant to join in the majority's analysis of the scope of the authority of the Recorder's Court judge in entertaining a habeas corpus petition. Since, as the majority notes, both issues presented in this appeal are technically moot, I think it is sufficient for us to decide the important public question regarding a parolee's hearing rights upon being detained on a charge of parole violation. Given our reversal of the lower court's writ of habeas corpus on the merits of the question presented, I do not think it necessary for us to address the authority of the lower court to consider unsettled questions of law in the course of a habeas corpus proceeding.