# STATE OF MICHIGAN

# COURT OF APPEALS

CRAIG G. BROWN,

Plaintiff-Appellant,

v

POLICE OFFICERS LABOR COUNCIL and
VILLAGE OF ALMONT,

Defendants-Appellees.

UNPUBLISHED
April 23, 2015

No. 318687
Lapeer Circuit Court
LC No. 12-045945-CZ

Before: M. J. KELLY, P.J., and WILDER and K. F. KELLY, JJ.

PER CURIAM.

In this labor dispute, plaintiff, Craig G. Brown, proceeding on his own behalf, appeals by right the trial court's order denying his motion for partial summary disposition and granting summary disposition in favor of defendants, the Police Officer Labor Council and Village of Almont. Because we conclude there were no errors warranting relief, we affirm.

## I. BASIC FACTS

Brown was an officer and detective with Almont's police department. In July 2003, Almont fired Brown after a prosecutor with Lapeer County charged him with delivery of a controlled substance, MCL 333.7401(2)(b), and willful neglect of duty, MCL 750.478. A jury acquitted Brown of the delivery charges, but convicted him of willful neglect of duty. This Court affirmed that conviction.[1] Brown was also charged with separate offenses in Oakland County in 2003, and a jury convicted him of delivery or manufacture of a controlled substance, MCL 333.7401(2)(b)(ii), and possession of a controlled substance, MCL 333.7403(2)(b)(ii). This Court affirmed those convictions as well.[2]

---

[1] See *People v Brown*, unpublished opinion per curiam of the Court of Appeals issued April 7, 2005 (Docket No. 254476).

[2] See *People v Brown*, 279 Mich App 116, 119; 755 NW2d 664 (2008).

In 2012, Brown successfully obtained habeas corpus relief in federal court, which resulted in his two Oakland County felony convictions being vacated.[3] He then sued Almont and the Labor Council in December of that same year. He alleged various claims arising from their failure to arbitrate his 2003 termination as required under his collective bargaining agreement. The trial court later granted the motions for summary disposition by Almont and the Labor Council and denied Brown's motion for summary disposition.

Brown now appeals in this Court.

## II. NATURE OF CLAIM

Brown first argues that the trial court erred when it determined that his claim for breach of contract against Almont was actually a claim involving due process or a civil rights violation and applied the three-year period of limitations. This Court is not bound by a party's choice of label for a cause of action because to do so would exalt form over substance. *Norris v City of Lincoln Park Police Officers*, 292 Mich App 574, 582; 808 NW2d 578 (2011). Rather, the gravamen of a plaintiff's action is determined by examining the entire claim. *Maiden v Rozwood*, 461 Mich 109, 135; 597 NW2d 817 (1999). Consequently, the procedural label is not controlling, and the claim is examined as a whole to determine its nature and the applicable statute of limitation. *MacDonald v Barbarotto*, 161 Mich App 542, 547; 411 NW2d 747 (1987).

Although Brown labelled count one of his complaint against Almont "wrongful termination" and alleged in part that Almont failed to follow the collective bargaining agreement by terminating him without adequate cause, the gravamen of this claim centers on the notice and procedures Almont employed through its lawyer, Thomas McGraw, in reaching the decision to terminate his employment. Specifically, Brown alleged that he was not given evidence to support the violations, was not given notice of the charges before his interview, was not provided with the opportunity to defend, and was not provided with due process of law. Notably, he did not make any allegations concerning the actual reason for his termination and whether that reason would not amount to just cause. It is evident from the totality of his allegations that this claim concerned the due process provided by Almont before the termination and any grievance proceeding. The trial court did not err when it determined that this claim was premised on a procedural due process violation.

## III. SUMMARY DISPOSITION

Next, Brown argues the trial court erred in granting Almont's motion for summary disposition. This Court reviews de novo a trial court's decision on a motion for summary disposition. *Ter Beek v City of Wyoming*, 495 Mich 1, 8; 846 NW2d 531 (2014). Summary disposition under MCR 2.116(C)(7) is appropriate when the undisputed facts establish that the

---

[3] See *Brown v Aud*, 868 F Supp 2d 608 (ED Mich, 2012), vacated and remanded *Brown v Aud*, unpublished order of the Sixth Circuit Court of Appeals, entered November 12, 2013 (Docket No. 12-1845).

plaintiff's claim is barred under the applicable statute of limitations. *Kincaid v Cardwell*, 300 Mich App 513, 522; 834 NW2d 122 (2013).

"Generally, the burden is on the defendant who relies on a statute of limitations defense to prove facts that bring the case within the statute." *Id.* "In determining whether an action is of a type subject to a particular statute of limitation, we look at the basis of the plaintiffs' allegations." *Ins Comm'r v Aageson Thibo Agency*, 226 Mich App 336, 342-343; 573 NW2d 637 (1997). "The type of interest allegedly harmed is the focal point in determining which limitation period controls." *Id*. at 343.

The period of limitation applicable to claims involving injury to person or property is three years. See MCL 600.5805(10). Unless otherwise provided, "the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827. The limitations period for a claim arising from a breach of contract is six years. MCL 600.5807(8). The period of limitations for a breach of contract begins to run when the promisor fails to perform under the contract. *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 180; 848 NW2d 95 (2014). However, in certain limited cases, the accrual date may be extended by the doctrine of equitable tolling. *Chabad-Lubavitch of Mich v Schuchman*, 305 Mich App 337, 344; 853 NW2d 390 (2014).

Although Brown alleged two claims against Almont, wrongful termination and breach of contract, Brown agreed in his deposition that the breach of contract claim was not actionable against Almont. Therefore, the trial court examined the complaint and appropriately determined that the wrongful termination claim actually raised a violation of procedural due process. Procedural due process claims are subject to a three-year period of limitations. MCL 600.5805(10). Brown contends that Almont violated his procedural due process rights by failing to give him adequate pre-termination notice and process. Almont fired him on July 11, 2003. Thus, at the latest, Brown's claim accrued on that date and, absent tolling, the three-year period expired on July 11, 2006.

Brown contends that the doctrine of equitable tolling acted to "freeze" the limitations period while the appeals in his criminal matters were pending. In *Michigan State Employees Ass'n v Civil Serv Comm*, 406 Mich 313, 315-316; 279 NW2d 530 (1979), the plaintiff received written communication of his discharge on September 25, 1975, because of his participation in alleged welfare fraud. In April 1976, the plaintiff was indicted for welfare fraud, but he was acquitted of all charges on September 28, 1976. The next day, the plaintiff sought reinstatement to his state employment. However, he was advised that he failed to timely file a grievance after his discharge, thereby barring review of his discharge. He filed a mandamus action in circuit court requesting reinstatement, which the circuit court dismissed. *Id*. at 316.

On appeal to our Supreme Court, the plaintiff alleged that he was entitled to automatic reinstatement or minimally a hearing regarding his dismissal because the limitations period was tolled during the pendency of the criminal charges. Our Supreme Court held that under the circumstances it was inappropriate to allow the employer to assert laches and the failure to exhaust administrative remedies because the employee had the right to remain silent during the criminal prosecution. *Id*. at 317-318. The Court stated that the tolling began when the plaintiff

was terminated and informed that the matter was being referred for possible criminal prosecution and continued until the criminal prosecution terminated. *Id*. at 318-319.

In the present case, a jury convicted Brown of willful neglect of duty in Lapeer County, and another jury in Oakland County convicted him of two felonies for delivery and manufacture or possession of a controlled substance. Brown was sentenced in the Lapeer County case on February 17, 2004, and in the Oakland County case on May 8, 2006. Thus, both prosecutions were completed by, at the latest, May 8, 2006. The *MSEA* Court did not hold that the tolling period applies to any period in which a party opts to pursue appellate remedies. Because any tolling would not have continued beyond May 8, 2006, and Brown did not sue before May 8, 2009, his due process claim is time-barred.

Brown nevertheless asserts that the parties agreed to hold his grievance in abeyance pending his "appeals," which included his pursuit of habeas relief in federal court. A writ of habeas corpus is not a continuation of the appellate process, but rather an independent civil action. See *People v McCager*, 367 Mich 116, 121; 116 NW2d 205 (1962). "A complaint for *habeas corpus* is designed to test the legality of detaining an individual and restraining him of his liberty." *Hinton v Parole Bd*, 148 Mich App 235, 244; 383 NW2d 626 (1986). The writ addresses only radical defects that render a judgment or proceeding absolutely void. *Id*. at 244-245.

In *People v Jones*, 467 Mich 301, 302-303; 651 NW2d 906 (2002), the defendant conditionally pleaded guilty to drug offenses and was sentenced to a term of imprisonment. The plea agreement allowed the defendant to appeal the legality of the search warrant that led to the drug discovery and to remain free on $50,000 bond "pending appeal." The trial court sentenced the defendant in accordance with the agreement. This Court denied the defendant's application for leave to appeal, our Supreme Court also denied leave to appeal, and the United States Supreme Court denied the defendant's petition for a writ of certiorari. *Id*.

The prosecutor moved to revoke the defendant's bond, but the defendant filed a writ of habeas corpus while the motion was pending. The trial court rejected the prosecutor's argument that the federal habeas proceeding constituted an independent civil action, not a continuation of direct appellate review, and therefore, denied the prosecutor's motion. Our Supreme Court disagreed and noted that an appeal was not taken to federal court because it constituted a separate system of justice:

> A federal district court considering an application under 28 USC 2254 is simply a trial court exercising original jurisdiction over an application for a writ authorized under federal law. See 28 USC 1331. That its habeas corpus jurisdiction permits it, under carefully defined circumstances, to scrutinize state court proceedings for alleged violations of the United States Constitution and federal laws does not transform the federal district court into a superior appellate court with jurisdiction to reverse the judgment of a prisoner's conviction. Rather, its power is limited to granting a writ that compels the release of the prisoner from unlawful detention. [*Id*. at 306.]

Therefore, Brown's assertion in this case that his grievance was held in abeyance "pending appeal" and thereby included the period of time during which he pursued habeas relief in federal court is without merit.

The trial court did not err by granting Almont's motion for summary disposition under MCR 2.116(C)(7).

Brown's statement of this issue only addresses whether the trial court erred by granting Almont's motion for summary disposition. In the discussion section of this issue, however, he contends that the trial court erred because he invoked the court's equitable powers to toll the limitations period by raising claims of fraud and estoppel. However, the fraud and estoppel claims were not raised against Almont, but against the Labor Council. Because his statement of this issue does not challenge the grant of summary disposition to the Labor Council, any claim related to it is abandoned. *Yono v Dep't of Transp*, 299 Mich App 102, 114 n 4; 829 NW2d 249 (2012), remanded by 495 Mich 982 (2014). Moreover, Brown's failure to cite authority addressing the application of estoppel and fraud to the statute of limitations, also results in abandonment of the issue. *Id*. In any event, fraud must be pleaded with particularity, MCR 2.112(B)(1), cannot relate to future events, and there can be no fraud if a person has the means of determining that a representation is untrue. *Cummins v Robinson Twp*, 283 Mich App 677, 695-696; 770 NW2d 421 (2009). Here, Brown's fraud claim is premised on future events. Therefore, his challenge is without merit.

## IV. REQUESTS TO ADMIT

Next, Brown argues the trial court abused its discretion by allowing the Labor Council's untimely answers to his requests for admissions under MCR 2.312. The trial court's decision to allow a party to file late answers to requests to admit is reviewed for an abuse of discretion. *Medbury v Walsh*, 190 Mich App 554, 556; 476 NW2d 470 (1991). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

The failure to properly answer requests for admissions does not automatically entitle a party to summary disposition, even if the admissions cover the entire lawsuit. *Janczyk v Davis*, 125 Mich App 683, 691; 337 NW2d 272 (1983). Rather, the trial court has discretion to allow a party to file late answers, or even to amend or withdraw the answers. *Id.* In deciding whether to allow a party to file late answers, the court must balance the interests of justice and diligence in litigation. *Id.* The court should consider: (1) whether allowing the party to file an untimely answer will aid in the presentation of the litigation, that is, will refusing the request eliminate a trial on the merits, which weighs against granting summary disposition; (2) whether the other party would be prejudiced by allowing a late answer; and (3) the reason for the delay and whether it was inadvertent. *Id*. at 692-693. Because this inquiry involves an exercise of discretion, it is best left to the trial court, and remand is appropriate where the trial court fails to examine the factors. *Id*. at 693-694.

In the present case, the Labor Council's answers to Brown's second request to admit were filed eight days late. Although the answers were filed in May 2013, the issue of the timeliness did not arise until August 2013, in the context of Brown's motion for partial summary disposition. The trial court examined the *Janczyk* factors and concluded that deeming the answers admitted would forego a trial, which was a harsh remedy. Furthermore, the court found that Brown was not prejudiced and could pursue other remedies, such as sanctions, for the lack of timeliness.

The exclusion of the Labor Council's answers would eliminate a trial, and this factor weighed against granting summary disposition. Additionally, Brown complained that he suffered prejudice, but he failed to state how he was prejudiced. Finally, the eight-day delay is insignificant considering that the Labor Council was addressing a decade old case where the file had to be recovered from storage and witnesses were not readily available. Under the circumstances, the trial court did not abuse its discretion by accepting the answers. The decision was within the range of reasonable and principled outcomes. *Maldonado*, 476 Mich at 388.

Brown asserts that the trial court erred by denying his motion for partial summary disposition. He argues that partial summary disposition in his favor was proper because of the untimely answers to his requests to admit. As previously discussed, however, the trial court did not abuse its discretion in allowing the late answers. Therefore, his argument is without merit to the extent that it is premised on his position that the late answers to his requests to admit should not have been allowed.

Brown also contends the trial court erred by denying his motion for partial summary disposition because the Labor Council failed to oppose his dispositive motion with admissible documentary evidence. Contrary to his assertion, the Labor Council did file admissible documentary evidence, specifically, Brown's deposition testimony, in opposition to Brown's motion. *McCoig Materials, LLC v Galui Constr, Inc*, 295 Mich App 684, 693; 818 NW2d 410 (2012).

There were no errors warranting relief.

Affirmed.

/s/ Michael J. Kelly
/s/ Kurtis T. Wilder
/s/ Kirsten Frank Kelly

-6-