PERSICHINO v PAROLE BOARD

Docket No. 200374. Submitted March 11, 1998, at Lansing. Decided April 28, 1998, at 9:15 A.M.

Alex Persichino brought an action in the Court of Appeals against the Parole Board, seeking a writ of habeas corpus. The plaintiff alleged that the board violated MCL 791.240a(1); MSA 28.2310(1)(1) by failing to provide him a hearing within forty-five days of his receipt of a notice of parole violation charges.

The Court of Appeals *held*:

MCL 791.240a(1); MSA 28.2310(1)(1) provides that, within forty-five days after a paroled prisoner has been returned or is available for return to a state correctional facility under accusation of a parole violation, the prisoner is entitled to a fact-finding hearing regarding the charges before the Parole Board. Mere notice of parole violation charges does not suffice for the purposes of placing a parolee "under accusation" of parole violations. The Parole Board must first consider whether to recommend revocation of parole and issue a parole violation warrant to place a parolee "under accusation" of parole violations. In this case, the parole revocation hearing was timely, having occurred within forty-five days of the parole violation warrant and arrest.

Complaint for writ of habeas corpus dismissed.

PAROLE — PAROLE REVOCATION — TIMELY HEARINGS.

A parolee, when accused of a parole violation, is entitled to a fact-finding hearing before the Parole Board within forty-five days after the parolee has been returned or is available for return to a state correctional facility under accusation of the parole violation; mere notice of the parole violation charge does not suffice for the purposes of placing a parolee "under accusation"; the Parole Board must first consider whether to recommend revocation of parole and issue a parole violation warrant to place a parolee "under accusation" of parole violation (MCL 791.240a[1]; MSA 28.2310[1][1]).

*Michael E. Schwartz*, for the plaintiff.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Chester S. Sugierski, Jr.*, Assistant Attorney General, for the defendant.

Before: FITZGERALD, P.J., and HOOD and SAWYER, JJ.

PER CURIAM. This action is before us on plaintiff's original complaint for habeas corpus. Plaintiff argues that his detention resulting from a parole violation is illegal because the Parole Board failed to comply with MCL 791.240a(1); MSA 28.2310(1)(1). We disagree and, therefore, deny plaintiff's request for a writ of habeas corpus.

In 1992, plaintiff was convicted as a third-offense habitual offender of breaking and entering, fraudulent use of a transaction device over $500, unlawfully driving away an automobile (UDAA), and receiving and concealing stolen property. He was sentenced to prison terms of one to thirty years for the breaking and entering conviction, one to ten years for the fraud conviction, one to ten years for the UDAA conviction, and one to five years for the receiving and concealing conviction. Plaintiff was paroled in 1995 with special conditions, one of which was to refrain from alcohol consumption. On March 31, 1996, plaintiff violated the terms of his parole by consuming alcohol and driving a motor vehicle while under the influence of intoxicating liquor.[1] Plaintiff was served with written notice of parole violation charges on April 2, 1996. On April 18, 1996, defendant Parole Board issued a

---

[1] The Department of Corrections did not issue a parole detainer or "hold" for defendant pursuant to MCL 791.239; MSA 28.2309. Nonetheless, we note that a parolee is entitled to a preliminary hearing and notice of the charges, as well as other procedural safeguards. MCL 791.239a; MSA 28.2309(1).

parole violation warrant for plaintiff's arrest. Plaintiff was taken into custody and transported to the Macomb County Jail on April 22, 1996. On May 21, 1996, defendant held a parole violation hearing and recommended that plaintiff be returned to correctional facilities for a period of eighteen months.

MCL 791.240a(1); MSA 28.2310(1)(1) provides in pertinent part:

> Within 45 days after a paroled prisoner has been returned or is available for return to a state correctional facility under accusation of a parole violation . . . the prisoner is entitled to a fact-finding hearing on the charges before . . . the parole board.

Plaintiff contends that he was "available for return" and "under accusation" when he received notice of parole violation charges on April 2, 1996, and, therefore, defendant violated this statute by failing to provide him a hearing within forty-five days of that date. We disagree.

Mere notice of parole violation charges does not suffice for the purposes of placing a parolee "under accusation." *Hinton v Parole Bd*, 148 Mich App 235, 242; 383 NW2d 626 (1986). The Parole Board must first consider whether to recommend revocation of parole and issue a parole violation warrant to place a parolee "under accusation" of parole violations. *Feazel v Dep't of Corrections*, 31 Mich App 425, 428; 188 NW2d 59 (1971). Because the parole revocation hearing occurred within forty-five days of the parole violation warrant and arrest, plaintiff has failed to establish a basis for the writ of habeas corpus.

Complaint for writ of habeas corpus dismissed.