PEOPLE v SWITRAS

Docket No. 172637. Submitted February 13, 1996, at Lansing. Decided June 7, 1996, at 9:25 A.M.

Michael J. Switras was convicted by a jury in the 71A District Court, Laura Cheger Barnard, J., of careless discharge of a firearm resulting in property damage. He was ordered to pay a fine and, pursuant to MCL 750.239; MSA 28.436, forfeit the firearm used during the commission of the offense. He appealed to the Lapeer Circuit Court with regard to the forfeiture order. The court, Martin E. Clements, J., affirmed. The defendant appealed by leave granted, alleging that the forfeiture statute does not apply to violators of the statute regarding careless discharge of a firearm resulting in property damage, MCL 752.862; MSA 28.436(22).

The Court of Appeals *held*:

The forfeiture statute is unambiguous and provides for a forfeiture of firearms if they are carried, possessed, or used contrary to chapter 37 of the Penal Code. MCL 752.862; MSA 28.436(22) is not a weapons offense falling under chapter 37 of the Penal Code. The trial court erred in imposing the forfeiture.

Portion of order relating to forfeiture reversed.

CRIMINAL LAW — WEAPONS — FORFEITURE.

MCL 752.862; MSA 28.436(22), which prohibits careless discharge of a firearm resulting in property damage, is not a weapons offense contained within chapter 37 of the Penal Code; the section of chapter 37 of the Penal Code that provides for the forfeiture of all pistols, weapons, or devices carried, possessed, or used "contrary to this chapter," MCL 750.239; MSA 28.436, refers to violations of statutes contained in chapter 37 of the Penal Code and does not authorize the forfeiture of a firearm used during a violation of MCL 752.862; MSA 28.436(22).

*Morrice, Lengemann & Zimmerman, P.C.* (by *John L. Lengemann*), for the defendant.

Before: WHITE, P.J., and FITZGERALD and E. M. THOMAS,* JJ.

FITZGERALD, J. Following a district court jury trial, defendant was convicted of careless discharge of a firearm resulting in property damage, MCL 752.862; MSA 28.436(22). Defendant was ordered to pay a fine and to forfeit the firearm used during the commission of the crime, pursuant to MCL 750.239; MSA 28.436. Defendant appealed the forfeiture order as of right to the Lapeer Circuit Court. The forfeiture order was affirmed. Defendant appeals by leave granted. Specifically, defendant argues the forfeiture statute does not apply to the statute under which he was convicted. We agree and reverse the portion of the order relating to the forfeiture.

The relevant forfeiture statute provides:

> All pistols, weapons or devices carried, possessed or used *contrary to this chapter* are hereby declared forfeited to the state, and shall be turned over to the commissioner of the Michigan state police or his designated representative, for such disposition as the commissioner may prescribe. [MCL 750.239; MSA 28.436 (emphasis added).]

Citing *People v Thompson*, 125 Mich App 45, 47; 335 NW2d 712 (1983), defendant contends that the statute is unambiguous and that the phrase "this chapter" refers to violations of chapter 37 of the Penal Code. We agree. The forfeiture statute is unambiguous on its face and provides for a forfeiture of firearms if they are carried, possessed, or used contrary to chapter 37 of the Penal Code. *Id.* at 47. Cf. *Burch v Wargo*, 378 Mich 200, 204; 144 NW2d 342 (1966) (use of "this

---

* Circuit judge, sitting on the Court of Appeals by assignment.

chapter" refers to chapter 5 of the vehicle code of 1949). Defendant contends that he was not convicted of a crime under chapter 37 of the Penal Code and therefore the provision is inapplicable. The question, therefore, is whether a violation of MCL 752.862; MSA 28.436(22) is a weapons offense falling under chapter 37 of the Penal Code.

MCL 750.239; MSA 28.436 originated as § 239 of 1931 PA 328, the act that created the modern Penal Code. Chapter 37 of the act, as designated in the original legislation, was entitled "Firearms," and included §§ 222 through 239.

Section 235 of Act 328 provided:

> Any person who shall maim or injure any other person by the discharge of any fire-arm pointed or aimed intentionally, without malice, at any such person shall be guilty of a misdemeanor, punishable by imprisonment in the county jail not more than one year or by a fine of not more than five hundred dollars.

The Penal Code was amended with the addition of § 235a by 1939 PA 83.[1] Section 235a, as originally enacted, provided in pertinent part:

> Any person who shall use, carry, handle or discharge any fire-arm carelessly and heedlessly in willful or wanton disregard of the rights, safety or property of others, or without due caution and circumspection, shall be guilty of a misdemeanor.

---

[1] 1939 PA 83 was specifically entitled in pertinent part:

An act to amend act number 328 of the Public Acts of 1931, entitled, "An act to revise, consolidate, codify and add to the statutes relating to crimes."

The present controversy stems from the enactment of 1952 PA 45, which provided:

> Sec. 1. Any person who, because of carelessness, reck-lessness or negligence, but not willfully or wantonly, shall cause or allow any firearm under his immediate control, to be discharged so as to kill or injure another person, shall be guilty of a misdemeanor, punishable by imprisonment in the state prison for not more than 2 years, or by a fine of not more than $2,000.00, or by imprisonment in the county jail for not more than 1 year, in the discretion of the court. [MCL 752.861; MSA 28.436(21).]
>
> Sec. 2. Any person who, because of carelessness, reck-lessness or negligence, but not willfully or wantonly, shall cause or allow any firearm under his control to be dis-charged so as to destroy or injure the property of another, real or personal, shall be guilty of a misdemeanor, punisha-ble by imprisonment in the county jail for not more than 90 days or by a fine of not more than $100.00, if the injury to such property shall not exceed the sum of $50.00, but in the event that such injury shall exceed the sum of $50.00, then said offense shall be punishable by imprisonment in the county jail for not more than 1 year or by a fine not exceed-ing $500.00. [MCL 752.862; MSA 28.436(22).]
>
> Sec. 3. Section 235a of Act No. 328 of the Public Acts of 1931, being section 750.235a of the Compiled Laws of 1948, is hereby repealed. [MCL 752.863; MSA 28.436(23).]

The two different compilations of Michigan statutes treat the sections of law added by 1952 PA 45 differ-ently. The West Publishing Company has followed the numbering used by the compiler, an agent of the Leg-islative Council that, pursuant to statute, compiles all general laws in force and administrative rules filed with the Secretary of State and publishes them in bound volumes. The numbering used in West's *Michi-gan Compiled Laws Annotated* follows the number-ing adopted by the compiler. Callaghan & Company,

publisher of *Michigan Statutes Annotated*, uses its own numbering system. Callaghan's has included the sections added by 1952 PA 45 in chapter 37 of the Penal Code, while West Publishing Company has not. However, the Legislature has not delegated to either of these private publishing companies, or to the compiler, the power to affect the application and reach of any statute.

Here, in 1931 the Legislature divided the Penal Code into chapters, with chapter 37 covering offenses relating to firearms. An additional section relating to careless use of firearms was specifically added to chapter 37 by 1939 PA 83, and was later repealed by 1952 PA 45. However, in enacting 1952 PA 45,[2] the Legislature did not declare that it was repealing §§ 235 and 235a of the Penal Code. Instead, it repealed § 235a and left § 235 unchanged. Conceptually, the sections of 1952 PA 45 belong in chapter 37 of the Penal Code. However, the Penal Code is an act and 1952 PA 45 is another act that, by its terms, does not purport to add any sections to the Penal Code. To add a section to the Penal Code, the Legislature must do so explicitly. Const 1963, art 4, § 24. Because the Legislature elected not to place these new sections in the Penal Code, the offense of which defendant was convicted is not within the ambit of chapter 37 of the

---

[2] 1952 PA 45 was simply titled:

An act to prohibit the careless, reckless or negligent use of firearms and to provide penalties for the violation of this act; and to repeal certain acts and parts of acts.

Penal Code. Accordingly, the trial court erred in imposing a forfeiture under § 239 of the Penal Code.[3]

The portion of the order relating to the forfeiture is reversed.

---

[3] It is possible that the limits on the forfeiture provision arose as a result of legislative oversight. However, it is for the Legislature, not the judiciary, to cure the problem. Const 1963, art 3, § 2.