# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 24, 2015

Plaintiff-Appellee,

v

No. 322674
Isabella Circuit Court

DONALD JOSEPH BREWCZYNSKI, SR.,

LC No. 2013-001630-FH

Defendant-Appellant.

Before: METER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

Defendant pleaded no contest to one count of assault with a dangerous weapon (felonious assault), MCL 750.82, on December 19, 2013. On January 13, 2014, the trial court sentenced defendant to a jail term of 31 days with credit for 31 days served and ordered 18 months' probation. Additionally, the trial court ordered that the weapon used during the assault, a .357 Magnum revolver, be forfeited pursuant to MCL 750.239. Defendant then moved the trial court for a return of the revolver and the court denied the motion on June 24, 2014. Defendant filed a delayed application for leave to appeal the trial court's order in this Court and this Court denied the application. *People v Brewczynski*, unpublished order of the Court of Appeals, entered August 21, 2014 (Docket No. 322674). Defendant then applied for leave to appeal to our Supreme Court and, in lieu of granting leave, the Court remanded the case to this Court "for consideration as on leave granted." *People v Brewczynski*, 497 Mich 977; 860 NW2d 624 (2015). For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

The original felony information charged defendant with one count of carrying a firearm with unlawful intent, MCL 750.226, one count of felonious assault, MCL 750.82, and one count of possession of a firearm during commission of a felony (felony-firearm), MCL 750.227b. Defendant reached an agreement with the prosecution to plead no contest to felonious assault and in exchange, the prosecution agreed to drop the other two charges. The parties also agreed that defendant should be sentenced to time served and that the revolver would not "automatically [be] forfeited but both parties would argue their respective positions on that weapon used."

At the time the plea agreement was entered into the record, in lieu of taking testimony from defendant, the trial court read from an affidavit filed in support of the complaint as follows:

All right. Then I'm just going to read that into the record and consider that, if there's any other evidence that you want me to consider either side then let me know after that. This is an affidavit regarding Donald Joseph Brewczynski Sr., 11/3/64 the date of birth. The victim is [sic] Gerald Martin and Alexander Romero. And the description of the offense is that on 7/29, 2013 at 1:59 city officers responded to a fight in progress. While in route they were advised the victims were near the intersection of Broadway and Adams. They made contact with them and made contact with the suspect Donald Brewczynski Sr. at 1303 West Lyons Street. Brewczynski admitted to having a gun in his yard and pointed it at the people in the car. He said the gun was a B.B. gun and the gun was black in color. The victims Martin and Romero said they were on Maxwell Street when a subject came out of the house, later identified as Brewszynski, at 1303 West Lyons Street and pointed a gun at them. Martin and Romero described the gun as a silver revolver. The witness Lowen said he saw Brewczynski in his backyard waving a hand gun around. Burgey [sic] also, a neighbor, said he saw Brewczynski with a silver colored hand gun with a long barrel. The officers confiscated a black Colt Defender B.B. gun, a .357 long barrel revolver that is silver in color, and a .357 Smith and Wesson revolver. They were voluntarily turned over to the officers by Mr. Brewczynski Sr. on 7/31. . . .

The prosecutor and defense counsel both affirmatively stated on the record that they did not object to the trial court taking judicial notice of the affidavit. And, after reading from the affidavit, the trial court asked both parties twice if there was anything further with respect to the factual basis of the case and both parties responded "no" each time. The trial court then accepted defendant's plea and scheduled sentencing.

At the sentencing hearing on January 13, 2014, the prosecution stated that it sought forfeiture of the .357 Magnum revolver—the weapon used during the offense. Defense counsel indicated that defendant did not concede the forfeiture issue and argued that the weapon was a "family heirloom." Defense counsel indicated that defendant understood he could not personally possess the weapon given the terms of his probation, but requested that the court allow his wife or a family member to take possession of the gun so that the "heirloom" would not be "lost to a forfeiture proceeding." The trial court rejected defendant's request and ordered that the .357 Magnum be forfeited and not returned to defendant. The trial court stated that defendant's family would retain two other firearms that defendant owned, but as a condition of defendant's probation, the firearms were not permitted to be kept at defendant's house.

Thereafter, defendant filed a motion for return of the seized property. The trial court held a motion hearing on June 24, 2014, where defendant, appearing in pro per, stated that he did "not see any reason why my wife cannot take possession of [the] six inch three fifty-seven magnum." Defendant asserted that his "wife did everything the courts asked her to do." Citing MCL 750.239, defendant argued that mandatory forfeiture applied only to the two dismissed charges.

The trial court reasoned that MCL 750.239 did not require defendant to be convicted of an offense within Chapter 37 of the Michigan Penal Code (MPC) to allow forfeiture. The trial court noted that the affidavit in support of the complaint for a warrant "indicated that you basically pointed a pistol at some people." The trial court concluded that this was sufficient to

conclude that defendant used or possessed a weapon contrary to Chapter 37 of the MPC even though the prosecution dismissed the felony-firearm and carrying a firearm with unlawful intent charges. Therefore, the trial court reasoned, forfeiture was proper because "the bottom line is your conduct fits within the meaning of those statutes and as this opinion indicates, weapons are forfeited if conduct that fits within the meaning of [Chapter 37] occurs." This appeal ensued.

## II. ANALYSIS

Defendant argues that the trial court erred in denying his motion for return of his weapon because the court did not have a lawful basis to seize the weapon under MCL 750.239. Resolution of this issue requires that we interpret and apply MCL 750.239, which involves questions of law that we review de novo. *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998). To the extent defendant raises a constitutional question, constitutional issues are also reviewed de novo. *People v Cain*, 238 Mich App 95, 111; 605 NW2d 28 (1999).

MCL 750.239(1)[1] provides in relevant part:

> (1) Except as provided in subsection (2) and subject to section 239a,[2] *all pistols, weapons, or devices carried, possessed, or used contrary to this chapter are forfeited to the state* and shall be turned over to the department of state police for disposition as determined appropriate by the director of the department of state police or his or her designated representative. [MCL 750.239(1) (emphasis added).]

"This chapter" refers to Chapter 37 of the MPC—i.e. MCL 750.222 through MCL 750.239a. *People v Switras*, 217 Mich App 142, 143-144; 550 NW2d 842 (1996). The parties do not dispute that felonious assault—the offense to which defendant pleaded no contest—is not part of Chapter 37, or that felony-firearm and carrying a weapon with unlawful intent—the offenses that defendant was charged with, but were later dropped—are part of Chapter 37. Defendant contends that because he was not convicted of a Chapter 37 offense, forfeiture was not authorized under MCL 750.239. We disagree.

The pertinent language of MCL 750.239(1) provides that "all pistols, weapons, or devices *carried*, *possessed*, or *used* contrary to this chapter are forfeited to the state. . . ." (Emphasis added). There is nothing in this language that conditions forfeiture upon a conviction. Had the Legislature intended to condition forfeiture upon a criminal conviction of a Chapter 37 offense, it certainly was free to do so. Instead, the Legislature authorized forfeiture of a weapon when that

---

[1] At the motion hearing following sentencing, the trial court read from the prior version of the statute. The statute was amended in 2010, but the revised portions of the statute have no effect on the substantive issue in this case. Both versions of the statute employ the same language that controls the outcome of this case in that they both authorize forfeiture where a weapon is "carried, possessed, or used contrary to this chapter." See 2010 PA 294; 1964 PA 215.

[2] These provisions are not relevant to this appeal.

weapon is carried, possessed, or used in a manner that is contrary to Chapter 37. See e.g. *People v Jahner*, 433 Mich 490, 500 n 3; 446 NW2d 151 (1989) (holding that a "consistent principle of statutory construction is that the express mention in a statute of one thing implies the exclusion of other similar things (expressio unius est exclusion alterius)"). Thus, the fact that the Legislature did not include the word "conviction" in the statute indicates that the omission was intentional. See *People v Underwood*, 278 Mich App 334, 338; 750 NW2d 612 (2008) (holding that "provisions not included in a statute by the Legislature should not be included by the courts"); see also *Houghton Lake Area Tourism & Convention Bureau v Wood*, 255 Mich App 127, 135; 662 NW2d 758 (2003) (holding that this Court should assume that omissions by the Legislature are intentional).

In this case, the trial court relied on the affidavit in support of the warrant to find that defendant's conduct fit within Chapter 37. Specifically, the court found that defendant "pointed a pistol at some people," and found that this was sufficient to conclude that defendant's conduct fit within the meaning of the carrying with unlawful intent and felony-firearm statutes, both of which are Chapter 37 offenses. The trial court did not clearly err in making these findings. In pertinent part, MCL 750.226 proscribes carrying a dangerous weapon with "intent to use the same unlawfully against the person of another. . . .", and MCL 750.227b proscribes carrying or possessing a firearm during the commission or attempt to commit a felony. Here, the facts set forth in the affidavit would have allowed the trial court to conclude that defendant used the subject weapon in a manner that was contrary to both MCL 750.226[3] and MCL 750.227b. These facts were not in dispute as defendant stated on the record that he had no objection to the trial court taking judicial notice of the affidavit. The facts showed that defendant possessed a weapon at the time he committed the felonious-assault. Therefore, notwithstanding the fact that the prosecutor dropped the other charges, defendant, at minimum, admitted to commission of felony-firearm, an offense that falls within Chapter 37 of the MPC. Accordingly, the trial court had authority to order forfeiture under MCL 750.239.

Defendant relies on *Switras*, 217 Mich App at 142, to support the proposition that conviction of a Chapter 37 offense is a required prerequisite to forfeiture under MCL 750.239. In *Switras*, this Court concluded that a defendant who was convicted of "careless discharge of a firearm resulting in property damage, MCL 752.862" could not have the weapon forfeited under MCL 750.239 because careless discharge of a firearm resulting in property damage was not an offense within Chapter 37 of the MPC. *Id*. at 146-147. This Court explained, "[b]ecause the Legislature elected not to place these new sections in the Penal Code," the Court explained, "the offense of which defendant was convicted is not within the ambit of Chapter 37 of the MPC. Accordingly, the trial court erred in imposing a forfeiture under § 239 of the Penal Code." *Id.*

Contrary to defendant's argument, *Switras* does not stand for the proposition that MCL 750.239 requires a conviction in order to authorize forfeiture. As discussed above, the plain language of the statute does not require a conviction and *Switras* did not read that requirement

---

[3] See generally, *People v Ackah-Essien*, ___ Mich App ___; ___ NW2d ___ (2015) slip op at 5-8.

-4-

into the statute. Rather, *Switras* held that, standing alone, a conviction of an offense not enumerated in Chapter 37 is insufficient to authorize forfeiture. The *Switras* Court did not address whether MCL 750.239 authorized forfeiture of weapons used in violation of Chapter 37 for which no conviction was obtained. *Id*. at 145-147. Unlike in this case, there was no indication or discussion in *Switras* that the prosecution could have charged the defendant with a violation under Chapter 37, but did not do so as part of a plea agreement. Thus, *Switras* does not govern in cases such as the instant case where there is sufficient evidence to support a finding that defendant used or possessed a weapon contrary to Chapter 37.

Defendant also apparently argues that the trial court deprived him of property without due process of law. Due process generally requires "notice and an opportunity to be heard." *People v Wentworth*, 251 Mich App 560, 565; 651 NW2d 773 (2002). In addition, absent a lawful basis to deny a defendant his property, a court is required to return seized property to the defendant. *People v Washington*, 134 Mich App 504, 511; 351 NW2d 577 (1984).

As discussed above, MCL 750.239 authorized the court to deprive defendant of his weapon because defendant used the weapon contrary to Chapter 37 of the MPC. Furthermore, defendant was provided notice that forfeiture was a possibility at the time he entered his plea and he was given the opportunity to argue the merits of his position both at his sentencing hearing and at the hearing on his motion for return of the property. Therefore, defendant was not denied due process of law. *Wentworth*, 251 Mich App at 565.

Affirmed.


/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Jane M. Beckering